VICTOR TALKING MACH. CO. et al. v. AMERICAN GRAPHOPHONE CO. (three cases).

(Circuit Court, D. Connecticut. October 24, 1902.)

Nos. 1088–1090.

1. PATENTS—SUIT IN EQUITY FOR INFRINGEMENT—PARTIES.
    A former licensee under a patent cannot join as a complainant in a suit for its infringement on the theory that it has an interest in the accounting for past infringements, unless all subsequent assignees of the license are also joined.

2. EQUITY—MISJOINDER OF PARTIES—RIGHT OF AMENDMENT.
    A bill to which a demurrer has been sustained on the ground of a misjoinder of complainants may be amended by dismissing as to the party without interest.

In Equity. Suits for infringement of patents. On demurrers to bills.

Horace Pettit, for complainants.
C. A. L. Massie, for defendant.

PLATT, District Judge. These suits are for infringement of divers letters patent, one based on No. 564,586, one on No. 534,543, and one on No. 548,623. A demurrer is filed in each case. Each bill discloses the same alleged defect. The demurrers are exactly alike, and are directed at that alleged defect. All the suits can be settled in one discussion, and will receive that treatment.

The important facts are as follows: Emilé Berliner was the original inventor of the patents in suit. Early in their history the chain of title merged and became vested in the United States Gramophone Company. Some time in 1895 the United States Gramophone Company, owning the entire title, granted an exclusive license to William C. Jones, which was subsequently confirmed and modified by the parties. This exclusive license was in October, 1895, transferred to the Berliner Gramophone Company. In September, 1901, the Berliner Gramophone Company, still owning the exclusive license, granted to E. R. Johnson "the said exclusive license and all its rights therein and thereunder to manufacture, sell, use, and deal in said invention and inventions," with right to assign the same to the Victor Talking Machine Company. In October, 1901, Johnson assigned to the Victor Talking Machine Company said exclusive license.

¶ 2. See Equity, vol. 19, Cent. Dig. § 554.

These facts appear to be reviewed, condensed, digested, and explained by the later averments in each bill, which, as they are all alike, are quoted from the one in hand:

"And your orators further show unto your honors that by virtue of the premises your orator the United States Gramophone Company, is now, and has been at all times since the date of the said assignment to it, the sole and exclusive owner of the said letters patent No. 534,543, and that your orator the Victor Talking Machine Company is now and has been at all times since the date of the said agreement with it, and the said transfers and assignments of the said rights to it, the sole and exclusive licensee as aforesaid under the said letters patent No. 534,543, for the manufacture and sale of said invention patented in said letters patent, throughout the United States. Your orators show unto your honors that they are now, and were at the time of the commission of the acts hereinafter complained of, the sole and exclusive owners of the legal and equitable title in and to the said letters patent No. 534,543, and in and to the improvements therein contained, and of all rights of action thereto pertaining, as will more fully and at large appear by reference to the said agreements, assignments, and proofs in court to be produced."

Under these circumstances, the Berliner Gramophone Company would appear to have devested itself of any interest in the subject-matter.

Counsel for complainants contends, however, that if after full hearing it should be found that the patents had been infringed, and a decree should be entered sending the matter to a master for an accounting, the rights of the Berliner Gramophone Company for past damages and profits would be incidentally included in the general subject-matter, and that it is the province of a court of equity to extend its charitable arm over all parties who can be seen to have a possible interest. Counsel for defendant, per contra, contends that if such a right exists, which he strenuously denies, remedy is in a court of law; citing Root v. Railroad Co., 105 U. S. 189, 26 L. Ed. 975. In that case the patent had expired, and redress was sought in equity for past infringements. This was denied, it is true; but the reasoning of the court on page 216, 105 U. S., 26 L. Ed. 975, and passim, does not bear out the contention of the defendant in such a case as the one at bar.

I am slightly inclined toward the opinion that the Berliner Gramophone Company did devest itself of all its rights, so far as they could be reached by these suits, including even a right so remote and contingent as that of claiming damages for past infringements. The case, however, does not necessarily turn on that point. A misjoinder cannot be distinguished from a nonjoinder in principle or effect. Either fault can be searched out, found, and cured by demurrer. If the Berliner Company is properly a party complainant, without question Johnson is entitled to the same privilege. If equity, with its far-reaching arm and comprehensive vision, stretches to the horizon, it would fail in its duty if it stopped short of the last beacon. It is no adequate answer to say that the defendant may have done no wrong during the short time Johnson was in the saddle. During that period, brief as it was, his position differed in no respect from that occupied by the Berliner Company for a number of years.

The defendant has undoubtedly invoked the aid of the demurrers herein with propriety, but I cannot agree with him that favorable

action thereon by the court is fatal and final. The cases which he cites fall short of that conclusion. In Walker v. Powers, 104 U. S. 245, 26 L. Ed. 729, for example, it was decided that after the demurrer had been sustained by the court the party without interest could be dismissed upon proper motion. And so in House v. Mullen, 22 Wall. 42, 22 L. Ed. 838, the decree in the circuit court had been for general dismissal. The supreme court says that if it had been dismissed without prejudice, or for misjoinder, or want of interest, the decree would have been affirmed; but, since it was absolute, the case was sent back, to be amended if the parties so desired.

Let the decree conform to this opinion. If the complainant wishes to amend by striking out or adding, he can do so within 20 days. If he fails to do so, let the bills be dismissed, with costs.