VAN REEN v. ÆTNA LIFE INS. CO.

(District Court, D. New Jersey. December 9, 1913.)

SPECIFIC PERFORMANCE (§ 17*)—SUIT BY PERSON NOT PARTY TO CONTRACT—
POLICY OF INDEMNITY INSURANCE.

Defendant issued a policy by which it agreed to indemnify the owner of an automobile against "loss and/or expense arising or resulting from claims upon the assured for damages" on account of injuries caused in the operation of such automobile. The policy provided that defendant would, at its own cost, defend in his name any suit brought against the assured to enforce a claim for damages covered thereby, and that "no action shall lie against the company to recover for any loss and/or expense under this policy unless it shall be brought by the assured for loss and for expense actually sustained and paid in money by him after actual trial of the issue." *Held*, that the policy was one of indemnity to the assured only, and that a third person injured through his negligence, who recovered a judgment against him in an action defended by defendant, which judgment was wholly unpaid, could not maintain a suit in equity against defendant for specific performance to compel payment of the amount of the policy to him.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 38–46; Dec. Dig. § 17.*]

In Equity. Suit by Jacob Van Reen against the Ætna Life Insurance Company. Decree for defendant.

Herbert H. Gibbs, of New York City, for complainant.
Collins & Corbin, of Jersey City, N. J., for defendant.

BRADFORD, District Judge. The bill in this case was filed by Jacob Van Reen, a judgment creditor of Charles Brogan, against the Ætna Life Insurance Company, for the specific performance, as claimed by Van Reen, of the provisions of an automobile liability policy issued by the insurance company to Brogan on or about April 8, 1910, in consideration of the payment by the latter of a premium of $99. While Brogan held the policy and it continued in full force Van Reen while traveling on a highway in New Jersey suffered serious accidental bodily injuries August 7, 1910, through the negligent and careless use by Brogan of the automobile referred to in the policy. Van Reen brought an action in the Supreme Court of New York for damages for the injuries so received and recovered judgment against Brogan in the sum of $20,000 as damages, and $143.12 as costs of suit. Execution against Brogan was issued on the above judgment and returned unsatisfied prior to the commencement of this suit. The insurance company at its own cost undertook the defense of the New York action in the name and on behalf of Brogan from its commencement until and including the trial, and during the pendency of the action negotiated with Van Reen for a settlement of his claim, but did not pay or settle the same or any part of it. The insurance company was and is familiar with the proceedings in the New York action and had notice of the entry of judgment and the issuance and return of the execution and that such judgment is wholly unpaid. The policy in question provides, among other things, for the payment of the maxi-

mum sum of $5,000 in case of accident resulting in bodily injuries or death to only one person, and also all costs taxed against the assured in any legal proceeding defended by the insurance company, and also all interest accruing after the entry of judgment therein, computed on the amount of the insurance which shall have become payable under the provisions of the policy. Condition M of the policy sets forth the measure of the indemnity which should become due from the insurance company, as follows:

"M. The Company's liability for loss on account of an accident resulting in bodily injuries and/or death to one person is limited to five thousand dollars ($5,000); and, subject to the same limit for each person, the Company's total liability for loss on account of any one accident resulting in bodily injuries and/or death to more than one person is limited to Ten thousand dollars ($10,000). The Company will, however, as provided in Conditions B and C hereof, pay the expense of litigation in addition to the sum herein limited, and will also pay all costs taxed against the Assured in any legal proceeding defended by the Company, and interest accruing after entry of judgment upon such part thereof as shall not be in excess of the limits of the Company's liability herein expressed."

Conditions B and C are as follows:

"B. If suit is brought against the Assured to enforce a claim for damages covered by this policy he shall immediately forward to the Company every summons or other process as soon as the same shall have been served on him, and the Company will, at its own cost, defend such suit in the name of and on behalf of the Assured.

C. The Assured, whenever requested by the Company, shall aid in effecting settlements, securing information and evidence, the attendance of witnesses and in prosecuting appeals, but the Assured shall not voluntarily assume any liability or interfere in any negotiation for settlement, or in any legal proceeding, or incur any expense, or settle any claim, except at his own cost, without the written consent of the Company previously given except that the Assured may provide at the Company's expense such immediate surgical relief as is imperative at the time of the accident."

Van Reen seeks in this suit to compel the insurance company to pay to him on account of the judgment recovered by him against Brogan in New York the sum of $5,000, together with interest, and the further sum of $143.12, taxed costs as above mentioned.

The policy expressly runs to Brogan in consideration of the payment by him of the insurance premium, and was made for his benefit and not for that of Van Reen or any other person who should suffer bodily injuries through the negligent use of the automobile. Not only was Van Reen not a party to the contract of insurance, but under its terms and conditions the insurance company was under an obligation to make defense for Brogan against claims prosecuted by Van Reen against him. Further, it did not undertake to insure Brogan against mere liability to others for bodily injuries sustained through such negligent use, nor did it assume his liability or indebtedness in such cases, but only agreed to indemnify him against "loss and/or expense arising or resulting from claims upon the Assured for damages" on account of such injuries, subject to the conditions of the policy. Condition D is dominating and reads as follows:

"D. No action shall lie against the Company to recover for any loss and/or expense under this Policy unless it shall be brought by the Assured for loss

and/or expense actually sustained and paid in money by him after actual trial of the issue, nor unless such action is brought within two years after payment of such loss and/or expense."

Specific performance of a contract will be decreed only where its meaning is clear. So far as it is uncertain, whether from ambiguity or other cause, equity will not attempt to enforce it. It is not a legitimate function of the court to create or set up for enforcement a supposed contract into which the parties have not entered, or a contract which does not clearly disclose their contractual will. Much less will a court under the guise of specific performance compel one of the parties to a contract to do something in violation of its express terms and intent. Condition D, taken by itself, is wholly free from doubt on two vital points; first, that no action shall lie against the company to recover under the policy "unless it shall be brought by the Assured," and, secondly, then only "for loss and/or expense actually sustained and paid in money by him after actual trial of the issue." Van Reen is not the assured, nor has Brogan paid in money the judgment, or any portion of the judgment, or taxed costs in the New York action. To permit the former successfully to maintain this suit would be in direct contravention of that condition as it reads. It is urged that it would be unreasonable and a hardship if the insurance company could not be directly sued by Van Reen, the liability of Brogan having been established by the New York judgment, instead of requiring Brogan to pay, at least to the extent of the insurance, that judgment with interest and costs, before resorting to the insurance company. This contention cannot be sustained. Persons competent to contract who have without the practice of fraud or deception on them entered into an agreement on sufficient consideration, cannot be relieved from its binding force on account of inconvenience or hardship involved in the practical operation of its clearly expressed terms. There is nothing in condition B or condition C requiring a construction or interpretation of condition D inconsistent with the plain import of its terms. In view of the undertaking by the insurance company to indemnify the assured against loss actually sustained and paid by him after actual trial of the issue, obviously nothing could be more reasonable and for its protection than that it should have a right to defend the action for the recovery of damages for bodily injuries "in the name and on behalf of the Assured," or that "the Assured, whenever requested by the Company, shall aid in effecting settlements, securing information and evidence, the attendance of witnesses and in prosecuting appeals, but the Assured shall not voluntarily assume any liability or interfere in any negotiation for settlement, or in any legal proceeding, or incur any expense, or settle any claim, except at his own cost, without the written consent of the Company," etc. I am unable to escape the conclusion that Van Reen is not entitled to the relief he seeks. This holding, I am satisfied, is required both by principle and an overwhelming preponderance of authority. The Supreme Court of Iowa in Cushman v. Fuel Co., 122 Iowa, 656, 98 N. W. 509, where a contract of a guaranty company with an employer provided that no action should lie against the company unless brought by the assured for a "loss ac-

tually sustained and paid in satisfaction of a judgment after trial of the issue," held that an unpaid judgment recovered by an injured employé against the employer could not be enforced against the company. The court said:

"The obligation of the guarantee company was for the protection of the fuel company alone. The plaintiff was not a party to the contract, and had no legal rights thereunder. While the policy provided that the guarantee company might appear and defend for the fuel company in any action brought against it for personal injuries, such provision was for the protection of the guarantee company alone, and imposes no liability upon it beyond the terms of the contract. A court of equity can no more disregard the express provisions of the contract than could a court of law, and neither can make a new contract for the parties which would impose a liability not originally contracted for; hence, whatever relief a court of chancery might grant plaintiff in any event, must of necessity be based upon and be determined by the contract which the parties have themselves made. The only obligation of the guarantee company was to indemnify the fuel company against a 'loss actually sustained and paid in satisfaction of a judgment after trial of the issue.' This covenant is as explicit and certain as language could well make it, and, as between the parties to the contract, no recovery could be had against the guarantee company because the judgment against the fuel company was not paid, and consequently the covenant was not broken."

The decision of the case in hand is controlled by Allen v. Ætna Life Ins. Co., 145 Fed. 881, 76 C. C. A. 265, 7 L. R. A. (N. S.) 958, in the circuit court of appeals for the third circuit. It is unnecessary to refer in detail to or cite other authorities.

Van Reen seeks to draw a distinction between his alleged right to compel payment by the insurance company of the costs taxed against Brogan in the New York action on the one hand, and, on the other, of the $5,000 and interest on account of the judgment against Brogan. But no such distinction is permissible, as plainly appears from condition M in connection with the preceding portions of the policy.

The bill must be dismissed with costs and a decree entered accordingly.