BOWERS *v.* GATES.

1. CONTRACTS—PARTIES—INSURANCE—PRIVITY—RIGHT OF ACTION.
   There is no privity of contract between the surety company on an ordinary "physician's liability bond" and one suing the physician for malpractice, authorizing the joinder of the company in the suit.

2. PARTIES—MISJOINDER—DEMURRER—DISMISSAL.
   Circuit Court Rule No. 43, § 3, providing that where an action is brought against two or more defendants, the plaintiff shall not be required to discontinue as to any, but the jury shall show by their verdict which of them are not liable, cannot be construed as applicable to a situation where a defendant is shown by the declaration to have taken no part in the commission of the tort for which recovery is sought, and seeks release by proceedings in the nature of a demurrer, on the ground that no cause of action is stated against it; section 12364, 3 Comp. Laws 1915, providing that parties misjoined may be dropped by order of the court at any stage of the cause, as the ends of justice may require.

3. SAME—PRINCIPAL AND SURETY—INTERVENER—STATUTES.
   Although an insurance company, as surety on a physician's liability bond, appeared in a suit for malpractice against the physician, in which it had been improperly joined, in pursuance of its agreement to defend him, the same counsel representing both, it did not thereby intervene, under section 12362, 3 Comp. Laws 1915, in any legal sense, any more than would an attorney who took charge of his client's case.

Certiorari to Washtenaw; Kinne, J. Submitted January 16, 1918. (Docket No. 31.) Decided March 28, 1918.

Case by Roy Bowers against Neil A. Gates and the Fidelity & Casualty Company of New York for malpractice. From an order denying a motion to dismiss as to defendant company, it brings certiorari. Reversed.

*Guy W. Moore* and *Hal P. Wilson*, for appellant.

*Frank E. Jones*, for appellee.

STEERE, J.   This is an action in tort commenced by an original writ of summons in prescribed form issued out of the circuit court of Washtenaw county on July 23, 1917, directed against both of the above named defendants and personally served upon each of them as appears by the return thereof.   Defendants, by their attorneys, duly entered their appearance in response to said summons and demanded a copy of plaintiff's declaration, which was filed on August 6, 1917, and served August 7, 1917.   Thereafter defendant Gates pleaded issuably.

On August 13, 1917, the defendant Fidelity & Casualty Company made and filed a motion in the nature of a demurrer, as authorized by present practice, to dismiss the action and strike from the record plaintiff's pleadings as to it for the reason that in the declaration filed and served it does not appear—

"1st. That there is any privity of contract between plaintiff and the defendant the Fidelity & Casualty Company of New York.

"2d. Or that plaintiff charges the defendant the Fidelity & Casualty Company of New York with any wrongful act, negligence, breach of contract, or default.

"3d. Or that plaintiff herein has any right of action against the defendant the Fidelity & Casualty Company of New York."

This motion was brought on to be heard before the circuit court of Washtenaw county on September 17, 1917, and, after hearing counsel for the respective parties, was denied.

As disclosed by his declaration, in a plea of trespass on the case, the sole tort charged by plaintiff is that of malpractice inflicted upon him by defendant Gates while professionally employed as his physician and

surgeon to set, reduce, and properly care for a broken leg and fractured ankle which plaintiff had suffered.

The declaration contains two counts. Of the first and longest it is sufficient to state that it is a good count against defendant Gates for malpractice, directed and exclusively devoted to his alleged lack of skill, malfeasance, and neglect while professionally attending plaintiff as a physician, and the damaging consequences which the latter experienced. The second and comparatively short count alleges that the defendant Fidelity & Casualty Company had by a described obligation in writing covering the period during which plaintiff was under the care and treatment of Gates—

"covenanted and agreed to save, hold harmless, and indemnify said defendant Neil A. Gates of and from all let, harm, trouble, expense actions, judgments, and costs that might or could come to him by reason of any and all claims for damage, expenses, actions, judgments, and costs that might or could be brought, had, or prosecuted by the said plaintiff or other persons and to pay any and all such judgments as might or should be adjudged against him," and that "by reason of the claim of the said plaintiff as hereinbefore set forth and which said agreement and writing obligatory now remains in full force and virtue and the said defendant the Fidelity & Casualty Company of New York fully bounden thereby. * * * Wherefore and by reason of the premises said plaintiff is entitled to have and recover of and from the said defendants his said damages to the amount of $10,000 and therefore he brings suit."

The writing obligatory, by virtue of which plaintiff seeks to make the Fidelity & Casualty Company a party defendant in this action *ex delicto,* is an ordinary indemnity insurance contract, headed "Physician's liability policy," by which the insurance company contracts with defendant Gates to indemnify him against loss from the liability imposed upon him by law for damages on account of bodily injuries or death

suffered by any person or persons in consequence of any malpractice, error, or mistake made by him in the practice of his profession, or of any assistant aiding him in the administration of medical or surgical treatment, during the term of the policy. It provides in customary form and ample verbiage what, as between the contending parties, shall or shall not be done in the matter to which it relates in a schedule of stated warranties, amongst which plaintiff points out, as material to the question of his right to make the insurance company a party defendant, that it requires assured to give timely notice to the company of any prospective claim or suit against him for malpractice with any papers which may have been served on him in that connection; co-operate with and assist it in the defense of any such suit, which the company obligates itself to defend to the court of last resort unless previously settled; that he will not voluntarily assume liability or incur any expense without its consent except at his own cost; nor interfere in any negotiations or legal proceedings conducted by the company on account of any such claim; also that the insured shall not assign the policy without the written consent of the insurer and that neither party shall compromise or settle any such claim or suit without the consent of the other.

As to these and all other contractual obligations in the policy, the difficulty in seriously considering plaintiff's theory is that he was in no sense a party to the contract or to the consideration for it. He was a stranger to it and there was no privity of contract between him and the company issuing the policy. The insurer made no promises to him, did not know him in the transaction, and assumed no obligation for his benefit. Any right of action which might arise out of this engagement is vested in the person to whom and with whom the promise, or contract, was made. No

statutory provision and nothing in the contract gives him any right of action in tort, or otherwise, against the insurer of the alleged tort-feasor. The law upon that subject is elementary in principle and will be found fully discussed in its various aspects in the following authorities and others to which they refer, several of which discuss policies containing provisions similar to the one under consideration. *Frye* v. *Electric Co.*, 97 Me. 241; *Finley* v. *Casualty Co.*, 113 Tenn. 592; *Hawkins* v. *McCalla*, 95 Ga. 192; *Embler* v. *Insurance Co.*, 158 N. Y. 431; *Carter* v. *Insurance Co.*, 76 Kan. 275; *Beyer* v. *Aluminum Co.*, 115 N. Y. App. Div. 853; *Anoka Lumber Co.* v. *Casualty Co.*, 63 Minn. 286; *Allen* v. *Insurance Co.*, 76 C. C. A. 265.

Plaintiff also contends that, under section 3 of present Circuit Court Rule No. 43, defendant cannot be dropped as a party to this proceeding until the case is tried, citing, in that connection, *Pruner* v. *Railway,* 173 Mich. 146. Section 3 is as follows:

"But in case an action is brought against two or more defendants, the plaintiff shall not be required to discontinue as to any of them but the jury shall show by their verdict, or the court by its finding in a trial by the court without a jury, which of them are and which of them are not liable to the plaintiff and judgment shall be given accordingly."

In the *Pruner Case,* which was an action in tort for personal injuries, plaintiff declared in separate counts against both the city of Detroit and the Detroit United Railway, claiming that the wrongful act charged was the result of their joint action and co-operation. The trial court held there was no misjoinder of counts and this court in affirming the judgment simply said that the rule was equally applicable in actions *ex contractu* and *ex delicto.* In the absence of some provision to that effect the rule cited cannot be construed as applicable to a situation where a defendant is shown by

the declaration to have taken no part in the commission of the tort for which recovery is sought and seeks release by proceedings in the nature of a demurrer, on the ground that no cause of action is stated against it. Plaintiff was not required to discontinue as to one of two defendants in an action which by the pleadings was shown to have been properly planted against both. The declaration showed a misjoinder of parties —"the improper joining together of parties to a suit." —Black's Law Dict.

"A misjoinder cannot be distinguished from a nonjoinder in principle or effect. Either fault can be searched out, found and cured by demurrer. * * * After the demurrer has been sustained by the court the party without interest could be dismissed upon proper motion." *Victor Talking Machine Co.* v. *American Graphophone Co.*, 118 Fed. 50.

By the judicature act it is provided:

"No action at law or in equity shall be defeated by the nonjoinder or misjoinder of the parties. New parties may be added and parties misjoined may be dropped, by order of the court, at any stage of the cause, as the ends of justice may require." Section 12364, 3 Comp. Laws 1915.

It is further contended for plaintiff that the Fidelity & Casualty Company has in fact and effect intervened and become a defendant in appearing, represented by the same counsel who appeared for defendant Gates, and taking upon itself the burden of his defense pursuant to its contract with him, citing, as sustaining that contention, section 12362, 3 Comp. Laws 1915, reading as follows:

"In an action either at law, or in equity, any one claiming an interest in the litigation may, at any time, be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding."

Certainly nothing which the defendant company has

done can be said to be in subordination to or recognition of the propriety of a proceeding against it for a tort charged as committed by another, which is the gist of the action. The fact that both parties appeared by the same counsel has no legal bearing upon the question. By acting as authorized agent of Gates to take charge of and conduct his defense in his name it in no legal sense intervened, more than would an attorney who took charge of his client's case. *Weatherby* v. *Kent Circuit Judge*, 194 Mich. 46, cited by plaintiff, has no application here. That was a statutory action brought against the bondsman of a saloonkeeper to recover damages resulting from the illegal sale by him of intoxicants to plaintiff's husband. The saloonkeeper was not made a party defendant and upon his application he was permitted by order of the trial court to intervene, being the principal on a bond which the statute compelled him to give. He was the party charged to have committed the tort and directly interested as the alleged tort feasor. Here no privity is shown, there is no enabling statute, the defendant company is neither charged as bondsman nor participant in the alleged tort, neither has it sought to intervene. Made a defendant in the main proceeding it demurs, by motion, to the declaration filed on the ground that no cause of action is stated against it. The demurrer is well taken, and the motion to dismiss said cause as to said defendant company should have been granted.

The order denying said motion is therefore reversed.

OSTRANDER, C. J., and BIRD, MOORE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.