M. L. Berkemeier, Appellee, v. Dormuralt Motor Sales, Inc., Eastern Automobile Insurance Underwriters, Appellants.

Gen. No. 34,917.

Opinion filed October 21, 1931.

NICHOLSON, CRANDALL & SNYDER, for appellants.

ESTELLE M. WELLS, for appellee.

MR. JUSTICE WILSON delivered the opinion of the court.

The complainant M. L. Berkemeier, an attorney at law, recovered a decree against the defendants, Dormuralt Motor Sales, Inc. and Eastern Automobile Insurance Underwriters, in the sum of $937.50. The action was based upon a bill of complaint filed in the superior court, charging that one Philip Becker had sustained injuries by reason of the negligent operation of a motor vehicle by the Dormuralt Motor Sales, Inc.; that the said Dormuralt Motor Sales, Inc. had a policy of insurance taken out with the defendant, Eastern Automobile Insurance Underwriters, under which the said Dormuralt Motor Sales, Inc. was insured against loss by reason of injuries inflicted upon others in the operation of its motor vehicles; charges that the plaintiff was an attorney at law and represented the said Philip Becker, and served notice in accordance with the provisions of an act entitled, ''An

Act creating attorney's lien and for enforcement of same,'' chapter 13, paragraph 13, Cahill's Illinois Revised Statutes 1927; charges that the complainant was the attorney for said Becker in the prosecution of his claim and that it was the duty of the defendants to withhold out of any settlement with Becker an amount equal to 25 per cent of the total amount recovered or received by Becker in settlement of said claim for the use of the complainant as attorney's fees.

From the facts it appears that Becker was injured on or about July 25, 1927; that Guerine & Brust, attorneys at law, were visited by the wife of Becker early in August, 1927, and were asked to take charge of the case and represent Becker; that thereupon they filed a praecipe in the case of *Becker v. Dormuralt Motor Sales, Inc.,* bearing date of August 31, 1927. The declaration in the cause was filed September 9, 1927, and the appearance of the defendant entered September 17, 1927.

Mrs. Becker, the wife of the plaintiff in the personal injury accident, visited the office of the Legal Aid .Bureau and was referred to complainant, M. L. Berkemeier, and, thereupon, the said Berkemeier on September 15, 1927, procured a contract from the plaintiff Becker, under which he retained the said Berkemeier as his attorney to prosecute the suit and take charge of his claim against the Dormuralt Motor Sales, Inc. At the time his contract was entered into complainant knew that Mrs. Becker had been to see the firm of Guerine & Brust.

It appears from the evidence that Becker was unable to sign his name, and fixed his mark to the contract in question. There is some conflict in the evidence as to whether this mark was made by him at the time or at all. Complainant stated that it was made at the time alleged, and Becker says that he does not remember putting his cross to the contract. In

the view we take of the matter, however, this fact is not material.

From the evidence, however, it appears that Guerine & Brust proceeded with the litigation and succeeded in procuring a settlement in the amount of $3,750. This sum was paid to Becker by the defendant, Eastern Automobile Insurance Underwriters, and a release obtained from him in favor of Dormuralt Motor Sales, Inc. for damages sustained by reason of the negligent operation of the truck of the Sales Company.

It is charged in the bill of complaint that the defendant Dormuralt Motor Sales, Inc. is insolvent and that, by reason of the service by the complainant of her lien notice, the Eastern Automobile Insurance Underwriters, defendant, as well as the Dormuralt Motor Sales, Inc., became liable to her for the amount of her attorney's fee, by reason of the settlement, without her knowledge and consent. The decree was a joint decree entered against both defendants. The rule at law is that a joint judgment, which is entered against all of the defendants, if void as to one, is void as to all. *Singer v. Cross*, 257 Ill. App. 41. This proceeding was before the chancellor in the superior court on a bill of complaint and answer thereto, and the appeal is from the decree entered in the proceeding. The action, however, is not an equitable action but is a statutory action. The enactment creating the lien provided that it might be enforced in any court of competent jurisdiction on five days' notice to the adverse party. While the order of the trial court is entitled a decree, it is in no respect, in our opinion, different from a judgment and should be governed by the same rules as those applicable to judgments. In the case of a decree this court would affirm as to one or more defendants and reverse as to others, but, in the case of a judgment, it is considered as an entirety and not separable.

The Supreme Court of this State in the case of *Standidge v. Chicago Rys. Co.*, 254 Ill. 524, in its opinion says:

"None of the above cases are in point here. They all recognize the power of the legislature to provide other methods of enforcing a lien than by a resort to a court of equity. The Attorneys' Lien Law contains the following provision: 'On petition filed by such attorneys or their clients any court of competent jurisdiction shall, on not less than five days' notice to the adverse party, adjudicate the rights of the parties and enforce such lien in term time or vacation.' Without this language in the act, undoubtedly a court of equity would be the only court that would have jurisdiction to enforce such liens. The legislature must be presumed to have used the language above quoted for some purpose. If appellant's position is sustained and a court of equity is the only court that has jurisdiction to enforce the lien, then the clause above quoted has no effect. The clause above quoted was manifestly used by the legislature to confer jurisdiction to enforce such lien upon courts that could not exercise it without such provision. The provision for enforcing the lien by petition and on five days' notice strengthens the conclusion that the legislature intended this jurisdiction should be exercised by law courts as well as courts of equity. The bill in chancery and the declaration at law are usually the pleadings by which those respective jurisdictions are invoked, while a 'petition' is common to both courts."

The right is a statutory, and not an equitable one, and, while it may be heard in a court of equity, it can also be heard in a court of law and is not controlled by principles of equity pleading. It is insisted, however, that by pleading jointly to the merits by their answer, the question of misjoinder is waived.

The question is, however, whether or not there are any allegations in the bill, or proof on the trial

justifying a decree against the defendant, Eastern Automobile Insurance Underwriters. If there is not, then it becomes the duty of this court to reverse as to that defendant, and this affects the entire judgment or decree.

Upon the trial of the cause it appears that notice had been served upon the defendant, Eastern Automobile Insurance Underwriters, to produce the policy of insurance. The policy was not produced, but testimony was taken showing that these policies were not preserved longer than a year after an adjustment had been made thereunder. It is insisted that this court should presume that the policy contained provisions which would entitle the plaintiff to recover in this proceeding. No such presumption, however, can be indulged in. Upon failure to produce the policy, counsel for complainant had the right to produce secondary evidence, or counsel could have served a subpoena *duces tecum* before the beginning of the trial. Consequently, there is nothing in the record showing the terms of the policy nor is there anything in the record showing upon what the liability of the defendant, Eastern Automobile Insurance Underwriters, is predicated, except the bare fact that it conducted the proceedings which resulted in a settlement with Becker.

We are referred to the case of *Meyer v. Iowa Mutual Liability Ins. Co.*, 240 Ill. App. 431. An examination of that case, however, discloses the fact that the judgment of this court was based on a provision of the policy which expressly provided that the judgment creditor should have a right of action against the insurance company in the event the judgment was not paid by the insured, or execution against the insured returned unsatisfied. As a general proposition it may be said that a stranger to a contract has no such interest therein as would entitle him to an action on said contract. *Bain v. Atkins*, 181 Mass. 240.

As far as we have been able to ascertain, the right to recover against an insurance company by a third person has only been recognized where provided by statute or by the express terms of the policy. It may be also stated that certain rights under the policy or claims arising thereunder have passed by assignment. In some cases the courts have recognized the right of persons to reach the unpaid money of the insured in the possession of an insurance company. Aside from these exceptions, we have been unable to find any cases which recognize the right of a stranger to the agreement to look to an insurance company for the payment of a claim. We have been referred by counsel to no cases, but the rule has been recognized by this court in the case of *Kinnan v. Fidelity & Casualty Co.,* 107 Ill. App. 406. The court in its opinion in that case, said:

"The injury to appellant did not render the amount, or any portion thereof, for which appellant, by reason of said injury, might recover a judgment against his employer, Griffith Hunter, a trust fund for the benefit of appellant, or a thing upon which he had any right or claim.

"The obligation of appellant's employer, because of his injury, was entirely to him. The obligation of the Casualty Company, under its policy, was entirely to Griffith Hunter and no one else." To the same effect see *Bowers v. Gates,* 201 Mich. 146; *Eberlein v. Fidelity & Deposit Co.,* 164 Wis. 242; *Hollings v. Brown,* 202 Ala. 504; *Van Reen v. Aetna Life Ins. Co.,* 209 Fed. 691.

The Attorney's Lien Act, Cahill's St. ch. 13, ¶ 13, provides that the attorney shall have a lien upon notice upon the party against whom their clients may have suits, claims or causes of action. In the case at bar Becker had no claim, suit, or cause of action against the Eastern Automobile Insurance Underwriters, but only against the Dormuralt Motor Sales, Inc. We are

unable to agree that the Attorney's Lien Act should be extended so as to include others than those expressly named therein. The lien being a creature of statute must follow it strictly. *Dreyfuss v. Freud,* 209 Ill. App. 345; *Mayer v. Yellow Cab Co.,* 247 Ill. App. 42. If Becker had no claim, then it must follow that complainant could have no greater rights. It may be that upon a retrial of the cause, a liability of the defendant, Eastern Automobile Insurance Underwriters, might be established growing out of the policy. From the evidence it appears that notice was served on both defendants. There is sufficient evidence in the record to justify a finding against the Dormuralt Motor Sales, Inc. The decree being a joint decree, however, it will be reversed and the cause remanded for a new trial.

For the reasons stated in this opinion, the decree of the superior court is reversed and the cause remanded for a new trial.

*Decree reversed and cause remanded.*

HEBEL, P. J., and FRIEND, J., concur.