**PITCAIRN et al. v. RUMSEY et al.**

No. 2542.

District Court, W. D. Michigan, S. D.
March 30, 1940.

Smith, Beckwith, Ohlinger & Froehlich, of Toledo, Ohio, and Seth Q. Pulver, of Owosso, Mich., for plaintiffs.

Alexander, McCaslin & Cholette, of Grand Rapids, Mich., for defendants.

RAYMOND, District Judge.

In the case of The Jennison-Wright Company, complainant v. The Ann Arbor Railroad Company, defendant, (Equity No. 2542), the ancillary receivers appointed therein filed motion for leave to intervene and to file the complaint which is now before the court for consideration. Complaint was filed pursuant to leave granted, and the matter is now pending upon motion to dismiss for lack of jurisdiction, filed by the defendants named in said complaint, namely, Peter Rumsey, doing business as Rumsey Trucking Company, and The Fidelity & Casualty Company of New York, who have appeared specially for the purpose of objecting to the jurisdiction of the court. These defendants also contend that they cannot properly be joined in the action in which The Jennison-Wright Company is plaintiff, and that, in any event, The Fidelity & Casualty Company cannot be joined as co-defendant with Peter Rumsey.

Receivers for The Ann Arbor Railroad Company were appointed by the United States District Court for the Northern District of Ohio, on December 4, 1931, and shortly thereafter the same receivers were appointed in ancillary proceedings instituted in this court. By the order of appointment, the receivers were authorized to institute such suits as might be necessary for the protection of the property and the discharge of their trust. By their complaint the receivers seek relief against Rumsey and The Fidelity & Casualty Company of New York for damage by alleged tort committed by employees of defendant Rumsey to engines, cars, buildings, and other property in the possession of the receivers.

Defendants urge that this proceeding should have been by way of separate action. The court is unable to conceive any substantial injury to the rights of the

148

defendants arising from the granting of the leave to the receivers to file their complaint in this cause instead of in a separate action. The following, from Clark on Receivers, Vol. I, Sec. 551, is pertinent:

"* * * In order that the taking possession of and maintaining possession by the appointing court should not result in injustice, the appointing court has inherent ancillary jurisdiction, pending its possession, to hear and determine all petitions for relief presented to it in respect of possession and control of the res.

"When federal courts so exercise their ancillary jurisdiction, third persons are permitted to come into the federal court appointing the receiver and set up their interest in the property and secure the same full and adequate protection and relief to which they would be entitled in any court of competent jurisdiction, were the property not impounded in the federal court and this without regard to the citizenship of the parties to the bill."

In the case of Murphy v. John Hofman Co., 211 U.S. 562, 569, 29 S.Ct. 154, 156, 53 L.Ed. 327, it is said: "* * * Where a court of competent jurisdiction has taken property into its possession, through its officers, the property is thereby withdrawn from the jurisdiction of all other courts. The court, having possession of the property, has an ancillary jurisdiction to hear and determine all questions respecting the title, possession, or control of the property. In the courts of the United States this ancillary jurisdiction may be exercised, though it is not authorized by any statute. The jurisdiction in such cases arises out of the possession of the property, and is exclusive of the jurisdiction of all other courts, although otherwise the controversy would be cognizable in them."

See, also, Dickinson v. Willis et al., D.C., 239 F. 171; White v. Ewing, 159 U.S. 36, 15 S.Ct. 1018, 40 L.Ed. 67; 19 C.J.S., Corporations, page 1271, § 1526; 25 C.J. 737.

In the case of Peck v. Elliott, 6 Cir., 79 F. 10, 11, 38 L.R.A. 616, Judge Lurton said: "The jurisdiction of the court to entertain this petition of the receivers against the appellee depends upon its jurisdiction in the original case, to which this proceeding was wholly ancillary. This petition is auxiliary to the original suit. It is a petition by the receivers asking the aid of the court to enable them to collect in an asset of the corporation. It was filed by direction of the court under an order made in the principal cause. The jurisdiction of the court in the principal cause is not questioned, and cannot be in this collateral suit. Compton v. Railroad Co. 31 U.S.App. 486–529, 68 F. 263, 15 C.C.A. 397, and Mellen v. Iron Works, 131 U.S. 352–367, 9 S.Ct. 781 [33 L.Ed. 178]; Lumley v. Railroad Co., [cc], 76 F. 66, 22 C.C.A. 60. The fact that the circuit court had possession of all the assets of the Southern Malleable Iron Company, for the purpose of winding up its affairs as an insolvent corporation, is the fact which made it admissible to bring a debtor of that corporation into the court, to the end that his debt might be ascertained and payment coerced. For the purpose of collecting in choses in action, the court might direct its receivers to institute independent suits in that or courts of the state, or cause such debtors to be made defendants in the principal cause, and determine for itself any question which might be involved by the defenses to the claim. Such a proceeding would not involve any question of citizenship, or amount in controversy, nor mode of trial. The complete jurisdiction of the court over the res, the property and assets of this corporation, involved its right to bring before it persons having possession of any of those assets, or having claims thereon, or who were indebted to it, and either itself hear and determine all controversies, or refer them to a master or to a jury, as it saw fit. A court of equity is not deprived of jurisdiction simply because a purely legal question becomes collaterally involved. It might, in its discretion, submit such controversy upon issues made to a jury, or dispose of them without doing so. That the liability of appellee was one of a legal character did not operate to defeat the jurisdiction, and bring its proceedings against him to a stand. These questions seem conclusively settled by White v. Ewing, 159 U.S. 36, 15 S.Ct. 1018 [40 L.Ed. 67], a case which arose upon a like proceeding in the same court, and in which certain questions were certified by this court under the court of appeals statute."

See, also, Cunningham v. City of Cleveland, 6 Cir., 98 F. 657; Genecov v. Wine, 8 Cir., 109 F.2d 265.

█ The complaint filed herein states a cause of action for the protection of property which this court placed in the hands of the receivers, and it is properly ancillary to the suit in which this court made the order of appointment. No jurisdictional allegations are necessary, for the reason that

the court clearly has jurisdiction of the principal suit.

Defendants also urge that they are improperly joined as parties. They insist that the complaint alleges separate and distinct causes of action against them for the reason that The Fidelity & Casualty Company of New York was not a party to the tort complained of but merely a party to an insurance contract made for the benefit of defendant Rumsey Trucking Company which indemnified the trucking company against liability for damage to property of third parties. On the other hand, the receivers argue that the joinder is proper for the reason that the insurance was required by the statutes of the state of Michigan to be given by all motor vehicle carriers and that it was given for the protection of the interests of the public. They rely upon rule 18 (b) of the Rules of Civil Procedure, 28 U.S.C. A. following section 723c, which they construe to grant to plaintiffs the right to join a claim which otherwise would not be cognizable until after the claim against defendant Rumsey has been prosecuted to conclusion. The receivers further insist that section 12460 of the Compiled Laws of Michigan of 1929 (relied upon by defendants herein) which forbids making an insurance company a party defendant in an original action, is in conflict with the Rules of Civil Procedure and also that the act which embodies this prohibition is unconstitutional for failure to express sufficiently in the title the object of the act, citing Harker v. Bushouse, 254 Mich. 187, 236 N. W. 222. They claim that in any event the joinder of the surety is a matter of procedure wholly governed by the federal Rules of Civil Procedure, and that state statutes have no application.

■ Upon this branch of the case, the principal issue is whether the controversy is governed by the Rules of Civil Procedure, and this, in turn, depends upon whether the rights upon which defendants rely and which may be infringed by the joinder of the casualty company as a party defendant, are substantive or merely procedural. Section 723b of Title 28 U.S.C.A., which authorizes the Supreme Court to prescribe rules in civil actions, contains a clear limitation in the light of which the rules must be construed, as follows: "Said rules shall neither abridge, enlarge, nor modify the substantive rights of any litigant."

The difficulty of distinguishing between substantive rights and methods of procedure is obvious. See Moore's Federal Practice, Vol. 1, 209 et seq.; 37 Mich.Law Review 1249; 6 U.S. Law Week 377. The Michigan courts have frequently recognized the right of a defendant in an action to recover damages for injuries to person or property, to have the fact that he is indemnified by insurance withheld from the jury. This right has been considered so important that intentional projection of the fact into the case without substantial reason therefor is reversible error. In the case of Holman v. Cole, 242 Mich. 402, 404, 218 N.W. 795, 796, it was said: "It is a fact of which we cannot but take judicial notice that, in cases where jurors obtain information that the damages as fixed by them will be paid by insurance companies, the amount thereof is usually greatly enhanced."

The right has been recognized by the legislature of Michigan in the enactment of Act No. 154 Public Acts of 1929. Section 33 thereof (Comp.Laws Mich.1929, § 12460) contains the following provision: "In such original action, such insurance company, or other insurer, shall not be made, or joined as a party defendant, nor shall any reference whatever be made to such an insurance company, or other insurer, or to the question of carrying of such insurance during the course of trial."

■ No privity of contract exists between the surety on a liability bond and a plaintiff who seeks recovery from the assured. Bowers v. Gates, 201 Mich. 146, 166 N.W. 880. The automobile liability policy which is a part of the record upon this motion contains the following provision: "No action shall lie against the company unless, as a condition precedent thereto * * * the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant, and the company * * *."

In view of the settled public policy of the state of Michigan as evidenced by rulings of the Supreme Court and by legislative enactment, it must be held that the right of the insurance company to have the condition of its policy enforced is a substantive one and not a mere matter of procedure.

■ Plaintiff's contention that the act is unconstitutional cannot be sustained. The

150

case of Harker v. Bushouse, 254 Mich. 187, 236 N.W. 222, relied on by plaintiffs, is not in point. In the case of Kentucky-Tennessee Light & Power Co. v. City of Paris, Tenn., 48 F.2d 795, 799, wherein a like objection was made to a Tennessee statute, Judge Denison, speaking for the Court of Appeals of the Sixth Circuit, said: "* * * The federal courts, lacking a controlling decision by the state court, do not, except in the clearest cases, hold that the state Legislature has violated the state Constitution; and the violation, in the present case is, to say the least, not clear."

See, also, Moore's Federal Practice, Vol. 1, 84.

An order will be entered denying defendants' motion to dismiss. An order will also be entered, under the provisions of Rule 21 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, dismissing defendant The Fidelity & Casualty Company of New York as a party defendant in this proceeding, but without prejudice to the right of plaintiffs to apply later for relief against said defendant.