George Yellen, Appellant, v. J. Bloom and Continental Casualty Company, Appellees.

Gen. No. 43,178.

Heard in the third division of this court for the first district at the October term, 1944. Opinion filed February 14, 1945. Rehearing opinion filed May 18, 1945. Released for publication June 8, 1945.

GEORGE YELLEN, *pro se.*

V. RUSSELL DONAGHY and DAVID A. SCHALLMAN, both of Chicago, for appellees.

## On Rehearing.

Mr. Presiding Justice Burke delivered the opinion of the court.

In a statement of claim filed in the municipal court of Chicago against J. Bloom and Continental Casualty Company, George Yellen, an attorney at law, alleged that on November 12, 1942 Edward Barron, a 13-year-old boy, sustained injuries attributable to the negligence of Bloom in the operation of a motor vehicle; that at the time of the occurrence Bloom carried liability insurance with the defendant corporation covering the operation of the vehicle; that subsequent to the mishap Edward Barron, by and through his mother and natural guardian, Mrs. L. Rickert, entered into a written agreement that plaintiff act as his attorney in his claim or cause of action against J. Bloom, and agreed to pay plaintiff for his services a sum of one quarter of whatever should be collected in case of settlement, and one third of whatever should be recovered in the event of suit; that on November 17, 1942 plaintiff, by registered mail, served a notice of attorney's lien on defendant, in accordance with the statute; that plaintiff thereupon took steps to effectuate a settlement; that he contacted defendant corporation; that he negotiated for settlement with representatives of the corporation; that the minor and his mother refused to co-operate with him; that without cause or reason they permitted another attorney to "take" the cause of action and to institute proceedings at law "on their behalf"; that he (plaintiff) at all times was ready and willing to continue with the matter, but that the minor and his mother failed and refused to permit him to do so; that in December 1943 or January 1944 the defendants compromised the claim of the minor by paying $1,025; and by virtue of the agreement and the attorney's lien act plaintiff asked judgment for $256.25, being one-quarter of the

amount of the settlement. Attached to the statement of claim as "Exhibit A" is a document signed "Mrs. L. Rickert, Mother of Edward Barron," which reads: "I hereby authorize George Yellen to act as attorney for my son Edward Barron, in his claim or cause of action against Jack Bloom, and agree to pay one-fourth of amount collected as fees for settlement and one-third in event of a law suit." Also attached to the statement of claim and marked "Exhibit B" is a copy of a notice of attorney's lien, signed by the plaintiff and addressed to the individual defendant, entitled: "Mrs. L. Rickert, and Edward Barron, a minor by Mrs. L. Rickert, his mother and next best friend, and Nathan Greenberg, and Arnold Greenberg, a minor by Nathan Greenberg, his father and next best friend, plaintiffs, vs. J. Bloom," reading:

"You are hereby notified that Mrs. L. Rickert, and Edward Barron, a minor by Mrs. L. Rickert, his mother and next best friend, and Nathan Greenberg, and Arnold Greenberg, a minor by Nathan Greenberg, his father and next best friend, have placed in my hands as their attorney for suit, settlement or otherwise, their claim, demand or cause of action by them sustained on or about the 12th day of November, A. D. 1942, while on the public sidewalk at or near the intersection of Kimball Avenue and Foster Avenue, Chicago, Illinois, due to your carelessness and negligence, and they have agreed to pay me as a fee for my services the sum of $1.00 and in addition thereto, a sum equal to one-fourth in event this case is settled, and a sum equal to one-third in event this case goes to Court of whatever may be recovered therefrom by suit, settlement, as aforesaid, and I claim a lien upon said claim, demand or cause of action for such fee."

The corporate defendant served notice on plaintiff that it would "move to dismiss the above entitled cause because the statement of claim fails to state any cause of action against this defendant," and the in-

dividual defendant served notice that he would move "to strike plaintiff's statement of claim and dismiss the suit for the reason that said statement of claim does not set up any cause of action against this defendant." By agreement the court ordered consideration of the motions postponed to March 13, 1944. On that day the court sustained the motions and gave plaintiff leave to file an amended statement of claim. Plaintiff, however, elected to stand on his statement of claim. Thereupon the court dismissed the action and entered judgment against him. He appeals.

Plaintiff asserts that defendants' motions to strike and dismiss are not sufficient in law. Rule 42 of the municipal court of Chicago requires all objections to pleadings to be raised by motion, which shall, point out specifically the defects complained of; and that where the motion is to dismiss, or for judgment, or to strike the pleading, because it is insufficient in law, it (the motion) must specify wherein such pleading is insufficient. The rule is substantially the same as sec. 45 of the Civil Practice Act (par. 169, ch. 110, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 104.045]). The statute and the rules indicate that motions to dismiss or to strike are required to be in writing, for they speak of the "filing of the motion." In the instant case the notice stated that motions would be made and the motions were made. However, they were not in writing. The clerk in making the record wrote the motions as they appeared in the notices, or as they were stated orally. The oral motions were heard without objection as to form. At this time plaintiff cannot be heard to complain. The record recites that the court was fully advised in the premises. The better and safer practice is to file written motions.

Plaintiff insists that his statement of claim sets out a good cause of action. From the case of *Haj v.*

*American Bottle Co.,* 182 Ill. App. 636, it appears that Adam Rabi Haj, a minor, was seriously injured in the employ of the American Bottle Company, losing his right foot; that he and his father, by a written contract, employed attorney James J. Conway to prosecute a claim against his employer for damages; that Conway served a lien notice on the employer; that he also brought suit against the employer to recover damages; that the employer settled the case with plaintiff, paying an uncontested judgment for $1,000 and ignored Conway's lien notice; that Conway filed a petition for a lien; and that the trial court gave judgment to Conway for the amount of his contract, or $333.33. On appeal, the employer contended that the contract between Conway and his client was void. The court said (p. 639):

"The minor and his next friend could each make a valid contract for necessaries and could agree to pay what the same were reasonably worth. The general rule as to what are and what are not necessaries for a minor, and when a minor may or may not bind himself therefor, and the jurisdictions in which attorney's fees for a minor are or are not held to be necessaries, and whether a next friend may bind the minor therefor, are set forth in 22 Cyc. 590–595, and notes thereto. In a well considered opinion in *Munson v. Washband,* 31 Conn. 303, it was held that where the services of an attorney are needed for the personal relief, protection and support of an infant, he may lawfully contract therefor and bind himself to pay for them; and that it would be a reproach to the law to deny him the power to make necessary contracts for the commencement and prosecution of suits, where, under extraordinary circumstances, a suit is the only means by which he can have necessary relief. We are of opinion that, under the special circumstances here disclosed, this suit comes within the purview of necessaries for

the minor, and that the minor could make a valid contract, and so could his next friend, whereby to hire an attorney to prosecute the suit and agree to pay him a reasonable compensation, and if a compensation was named in the contract which did not strike the conscience of a court called upon to enforce it as unconscionable, it would be enforceable as to amount unless it appeared from the proof that it was an unreasonable amount. Therefore, we hold that this contract by the minor and by his next friend, by which he employed Conway to prosecute this suit, was valid. By the contract, Conway agreed to institute and prosecute the suit in the circuit court, and in case plaintiff recovered judgment, and the defendant should appeal to the Appellate Court, and to the Supreme Court, he agreed to attend to the cause in those courts also. The contract plainly meant that if plaintiff was defeated, Conway would receive nothing, and we do not consider it unconscionable or unreasonable, under such circumstances, that he should have one-third of what might be recovered upon a judgment or by a settlement. The minor is not resisting the enforcement of that contract, nor is he here claiming it is unreasonable. It is true that his father told defendant that Conway had not earned such an amount, but he was absent in Detroit, and did not know how much Conway had done in searching for testimony, examining the law and preparing for trial, and it is obvious that he did not take into account the fact Conway was liable to have to prosecute the suit in three courts and then receive nothing. But let us suppose that the minor and his next friend could not make a valid contract as to the amount Conway should receive for his services. If defendant received the written notice then its officers are presumed to know the law, and they therefore knew that the facts stated in the notice would give Conway a lien for whatever his services were reasonably worth, including the value of his contract to defend in the Appellate and Supreme Courts a favorable

judgment in the circuit court. We are of opinion the defendant's officers could not ignore the written notice, if they received it, merely because the law would only enforce the contract for what the services were reasonably worth rather than for the specific share named therein. Neither could said officers assume that the share specified in the contract was unreasonable or would be so held by the courts. We are of opinion that the contract was enforceable against plaintiff for the amount provided therein, in the absence of some testimony tending to reduce the amount to which Conway was entitled.''

The *Haj* case was followed in *Goldberg v. Perlmutter*, 308 Ill. App. 84, and in *Caruso v. Pelling*, 271 Ill. App. 318.

The attorney's lien act does not affect the right of defendants in suits or persons against whom claims or demands are being pressed, to settle, but requires, after notice, that in making settlement they shall take into account the attorney's claim for fees. A settlement may be made with a claimant, under this act, to the same extent and with like effect as previously, the only difference being that under the act a party, in settling with an attorney's client, must take into account his liability to the attorney for whatever amount of fees would accrue under his contract at the time of the settlement. *Standidge v. Chicago Rys. Co.*, 254 Ill. 524, 535. The individual if not the corporate defendant in the instant case, in settling with plaintiff's client, must have taken into account his liability to plaintiff for whatever fees would accrue under the contract.

It will be observed that (so far as the pleadings indicate) the lien was not served or directed to the corporate defendant. The act provides that the attorney shall have a lien upon all claims, demands and causes of action for the agreed fee, or a reasonable fee, providing he shall serve notice in writing ''upon

the party against whom their clients may have such suits, claims or causes of action.'' In the instant case the minor asserted no claim against the corporate defendant. We cannot presume that the policy issued by the corporate defendant contained provisions which would entitle plaintiff to recover. *Berkemeier v. Dormuralt Motor Sales, Inc.*, 263 Ill. App. 211, 219. Plaintiff had an opportunity to amend his statement of claim. The corporate defendant presented a separate motion to dismiss the cause. The court gave plaintiff leave to file an amended statement of claim, but he elected to stand on his original statement of claim. Having so elected and the statement of claim not alleging a cause of action against the corporate defendant, we are of the opinion that the judgment of the court as to the corporate defendant should stand.

Defendants maintain that the contract sued upon was the individual contract of ''Mrs. L. Rickert'' and not the contract of the minor or his estate, and that the words ''Mother of Edward Barron'' were ''*descriptio personae*.'' In the *Haj* case the court said that the minor could make a valid contract, as could his next friend, to hire an attorney to prosecute the suit and agree to pay a reasonable compensation. ''Exhibit A'' shows that plaintiff was hired to act as attorney for the minor in his claim against the individual defendant and that plaintiff was to be compensated by one-quarter of the amount collected as fees in the event of settlement and one-third in the event of suit. The mother acted for her son in hiring plaintiff. She did not agree to pay plaintiff from her own funds, but from the amount collected. In view of the opinions in the *Haj* and other cases, defendant's point is without merit. The minor is not resisting the enforcement of the contract, nor is he contending that it is unreasonable.

The judgment of the municipal court of Chicago is affirmed as to the Continental Casualty Company and

reversed as to J. Bloom, and the cause is remanded for further proceedings not inconsistent with this opinion.

*Judgment affirmed in part, reversed in part and cause remanded with directions.*

KILEY AND LUPE, JJ., concur.