**32 WEST RANDOLPH CORP., Plaintiff-Appellant,**

v.

**Edward BLACKMAN, Defendant-Appellee.**

**Edward BLACKMAN, Appellant,**

v.

**BALABAN & KATZ CORP. et al., Appellees.**

**Nos. 11270, 11279.**

United States Court of Appeals Seventh Circuit.

May 11, 1955.

Rehearing Denied June 10, 1955.

John S. Miller, Irving Goodman, Chicago, Ill., for 32 W. Randolph Corp.

Edward Blackman, Horace A. Young, Chicago, Ill., for Blackman.

Richard F. Hart, John S. Miller, Edward R. Johnston, Samuel W. Block,

Leon Fieldman, Chicago, Ill., for Balaban & Katz Corp. et al.

Francis E. Matthews, Robert W. Bergstrom, John F. Caskey, Chicago, Ill., T C F Film Corp. (formerly known and sued herein as Twentieth Century-Fox Film Corp.).

Miles G. Seeley, John T. Lorch, Bryson P. Burnham, Chicago, Ill. (Johnston, Thompson, Raymond & Mayer, Mayer, Friedlich, Spiess, Tierney, Brown & Platt, Chicago, Ill., Dwight, Royall, Harris, Koegel & Caskey, New York City, of counsel), for Warner Bros. Pictures Distributing Corp., Warner Theatres, Inc. (formerly known and sued herein as Warner Bros. Theatres, Inc.), Stanley Warner Management Corp. (formerly known and sued herein as Warner Bros. Circuit Management Corp.), RKO Radio Pictures, Inc., Loew's Inc., United Artists Corp., Columbia Pictures Corp., and Universal Film Exchanges, Inc.

Before DUFFY, Chief Judge, and FINNEGAN and SWAIM, Circuit Judges.

FINNEGAN, Circuit Judge.

Two separate appeals from a single final order, entered below July 2, 1954, are considered in this opinion. We are asked by 32 West Randolph Corporation, appellant in number 11270, to review part of that order holding Blackman's attorney's lien valid, and ruling appellant's petition insufficient. Blackman, on the other hand, rests his appeal, numbered 11279, on a phase of that same order dismissing his cross and counterclaim. Facts relevant to this opinion follow.

Blackman, a member of the Illinois bar, was employed by 32 West Randolph Corporation, which we will refer to as the "client," to institute anti-trust proceedings against Balaban & Katz Corporation and various other principal, major producers and distributors of motion pictures. By letter, dated March 14, 1949, that client confirmed oral arrangements with attorney Blackman, agreeing to compensate him in "* * * an

amount equal to twenty-five per cent (25%) of anything paid * * * (client) * * * or recovered by * * * (client) * * * from any of the defendants (ed: itemized in this communication) * * *." This contingent agreement was again acknowledged by letter dated August 4, 1949. Twenty-one days later Blackman informed his client that he filed a complaint bottomed on alleged anti-trust law violations. Essaness Theaters Corporation and some of its associated and subsidiary companies were joined as plaintiffs, in this suit by Blackman along with his client. On February 7, 1951, Blackman's client instructed him to dismiss that action and render a bill for his services; twelve days later the same request was repeated. On or about March 1, 1951, Blackman asserted his Illinois statutory attorney's lien by serving appropriate notice on the various corporate parties-defendant to the anti-trust law complaint.

In early March, 1954, the client filed a petition, below, "for an immediate determination of what amount, if anything, is or shall be payable by it to Edward Blackman as attorney's fees * * *" attaching in support, as exhibits, various communications from its attorney, Blackman. The answer interposed, to that petition, recites several defenses and presents cross and counter-claims by Blackman. His client filed a reply to its attorney's answer to their counterclaim and an answer to the cross and counterclaim. We think all litigants involved have unduly labored and magnified the basic issues between them. Stripped of its legalistic trappings this is simply an instance where a client discharged an attorney retained on a contingent fee contract. The client alleges misconduct on behalf of its attorney as the basis for terminating the relationship. Virtually all the facts and correspondence between the parties are admitted. An actual relevant issue alleging misconduct stemming from purported representation of conflicting interests was unqualifiedly denied by Blackman.

Charges of unethical conduct permeate these proceedings and dominate all briefs as though this were a grievance committee hearing of a bar association instead of litigation in Federal Courts. When lawyers accuse one another of unethical practices the entire bar suffers. We think some modicum of circumspection by *all* members of bar involved, respecting the alleged ethical aspects of this case, would be far more becoming to the legal profession. Because of the determination made in this opinion our views as to whether any ethical provisions have been breached remains unexpressed. For we reverse and remand case number 11270 to the District Court with directions to hear and take evidence upon issues framed by such pleadings as are remaining after our affirmance herein of the district judge's dismissal of the cross claim and counterclaim filed by Blackman and also now before us on appeal in case number 11279.

We leave the judgment, entered July 2, 1954 in number 11279, undisturbed because no reversible error is present and among other things, we are satisfied that an attorney's statutory lien in Illinois does not constitute a roving commission of the magnitude envisaged by and in Blackman's cross and counter-claim, Standidge v. Chicago Railways Co., 1912, 254 Ill. 524, 98 N.E. 963, 40 L.R.A.,N.S., 529; Berkemeier v. Dormuralt Motor Sales, 1931, 263 Ill.App. 211, 218.

Judgment in case number 11270 is reversed and remanded with directions, and judgment in number 11279 is affirmed.