CRISTINA BUONICONTI, administratrix, *vs.* GERALD S. LEE.

Hampden.    October 20, 1919. — November 24, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence,* In use of motor vehicle, Causing death. *Practice, Civil,* Mistrial, Prejudicial remark by witness. *Insurance.*

At the trial of an action by an administratrix for the conscious suffering and death of the intestate alleged to have been caused by his being run into by a motor vehicle operated by the defendant, there was evidence tending to show that in the night time the intestate had started to cross from his left toward the right hand side of a street in the business part of a city, having looked up and down the street, and was walking slowly, there being no vehicles in the street when he started; that he was struck by the motor vehicle coming upon him from behind

at the rate of over twenty-five miles an hour, and that the horn on the vehicle was not sounded. *Held*, that there was evidence warranting findings of negligence on the part of the defendant and of due care on the part of the intestate.

Where, at the trial of an action of tort, an answer of a witness in substance informed the jury that the defendant was insured by or would be indemnified by an insurance company, but the judge at once instructed the jury to "disregard entirely" and not to consider the statement, and again in his charge to the jury instructed them finally to the same effect, a motion for a new trial on the ground of a mistrial caused by the statement of the witness properly may be denied.

TORT by the administratrix of the estate of Michael Buoniconti for causing the conscious suffering and death of the intestate, a boy less than fourteen years of age, alleged to have resulted from his being run into in the night time by a motor vehicle driven by the defendant. Writ dated January 24, 1916.

In the Superior Court the action was tried before *O'Connell*, J. Material evidence and exceptions of the defendant are described in the opinion. The jury found for the defendant on the count for damages resulting from conscious suffering, and for the plaintiff in the sum of $2,968.75 on the count for causing death. The defendant alleged exceptions.

The case was submitted on briefs.

*W. H. Brooks, J. P. Kirby & D. H. Keedy*, for the defendant.

*H. W. Ely, J. B. Ely & T. F. McGlynn*, for the plaintiff.

PIERCE, J. This is an action brought by an administratrix to recover damages to her intestate and to his estate, which resulted from his being run into by an automobile driven by the defendant while the intestate was passing over Water Street in Springfield, northerly and in a diagonal direction, from a point about sixty-six feet north of William Street. The jury found for the plaintiff.

The exceptions of the defendant are to the refusal of the presiding judge to order a verdict for the defendant, and to his refusal to order a mistrial by reason of an answer of a witness which in substance informed the jury that the defendant was insured or would be indemnified by an insurance company.

There was evidence tending to show that the driver of the automobile was negligent. Between the curbings the used roadway of Water Street is twenty-nine and a half feet. There was a large electric arc light lighted at William Street, and another one hundred and seventy-seven and fifty-eight one hundredths feet

north at Wilcox Street. The point from which the intestate departed is about sixty-six feet north of William Street on the west side of Water Street. From the roadway at this point there is nothing to interfere with a southerly view for about a half mile. Some of the stores were open and lighted. The defendant testified, "passing William Street the road ahead was well lighted, and was clear with nothing upon it." There was evidence tending to show the car was operated at a rate of speed in excess of twenty-five miles an hour at the place of the accident. This rate of speed within the business part of the city of Springfield could properly be found to have been greater than was reasonable and proper having regard to the use of the way and the safety of the public. There also was evidence that the horn was not sounded and that the intestate was hit by the front of the car and thrown to the east of it.

The jury could have found that the plaintiff's intestate was in the exercise of due care. There was evidence that he looked north and south before "he started across and just as he got off the curbing." He walked slowly in a northerly direction. There were no vehicles in the street when he left the curbing and there was adequate room for the passage of the automobile on either side of him at the time of the collision. In these circumstances he was not bound to anticipate an automobile or other vehicle would run him down unless he should exercise special care, and he had a right to assume the due care toward him of other travellers. The case in every respect is governed by *Donovan* v. *Bernhard,* 208 Mass. 181, *Keaveny* v. *Moran,* 208 Mass. 277, and *Lynch* v. *Fisk Rubber Co.* 209 Mass. 16.

The refusal to order a mistrial is not reversible error. The presiding judge, immediately following the defendant's objection to the answer of the witness, instructed the jury as follows: "The jury will disregard entirely the last statement of the witness. You will not consider that." And in this regard in the charge instructed the jury: "I am reminded, gentlemen, that during the trial there cropped out, in the statement of the physician who testified here, when he was asked by counsel for the plaintiff whom he expected was going to pay the one hundred and fifty dollars, which he said was charged upon the notes, that he said probably the insurance company. I told you, gentlemen, to dis-

regard that statement. It was not evidence and you are not to consider it in any aspect of this case either in the aspect of liability or in the aspect of damages, if you come to that question. There is no evidence here, gentlemen, that this defendant is insured, one way or the other, and you must draw no inference one way or the other from that statement that was made by that physician on the stand and it is not to prejudice the rights of this defendant in any respect either in reference to his liability or in reference to the question of damages if you come to that question." It must be presumed the jury followed the instructions. *Ducharme* v. *Holyoke Street Railway*, 203 Mass. 384.

*Exceptions overruled.*