Phoenix Mutual Life Insurance Company for the use of the First National Bank of Lawrenceburg, Complainant, Appellee, *v.* Aetna Insurance Company, Defendant, Appellant.

(*Nashville,* December Term, 1932.)

Opinion filed April 18, 1933.

H. D. DERRICK, for complainant, appellee.

JOHN R. AUST, for defendant, appellant.

SPECIAL JUSTICE GARVIN delivered the opinion of the Court.

This is a suit for the use of the holder of a promissory note secured by a deed of trust upon real estate to recover a loss sustained by a fire, which destroyed one of the buildings situated upon the land. The bill is predicated upon a fire insurance policy covering the building, issued by the defendant to the maker of the note and deed of trust, with a mortgage clause attached making the loss payable to the mortgagee as the latter's interest might appear. The defense is the failure of the holder of the note and the trustee under the deed of trust, or either of them, to notify the defendant as required by

the mortgage clause of a change in the ownership of the property after the issuance of the' policy and before the fire.

The facts are not in dispute. In the court below the complainant set the cause specially for hearing upon bill and answer, and it was so heard. The Chancellor decreed in favor of the complainant, and the defendant prayed and was granted an appeal to this court.

The policy in question with the mortgage clause attached was issued on August 20, 1927, insuring one Thomas J. Bailey as owner for a period of five years, or until August 20, 1932, against loss or damage by fire to the buildings situated upon the land, including the building that was subsequently burned. The policy, among other conditions, provided that "if any change occurs in the title, possession or interest of the insured in the above mentioned property or any part thereof, except through succession by reason of the death of the insured, or if the insured shall not be the sole and unconditional owner in fee of said property . . . it is hereby understood and agreed that this entire policy is null and void, except wherein any of the conditions mentioned in this section of this policy are agreed to and endorsed hereon by an official of this Company in Chicago, Illinois."

At the date of the policy the said Thomas J. Bailey did not hold the legal title to the property and it does not appear that he was the equitable owner thereof. He had in 1922 made a deed of trust of the land to one Thomas W. Pointer, Trustee, to secure a note for $2500, executed by him to the Nelson Mortgage Company; and on August 27, 1925, he sold and conveyed the property in fee to Richard F. Bailey and wife, subject to the deed

of trust, the grantee assuming the deed of trust and executing to him two notes, for the payment of which he retained a lien upon the property.

In the meantime the Nelson Mortgage Company had assigned the note and mortgage to the Phoenix Mutual Life Insurance Company, which was holding the same at the date of the policy; and in the mortgage clause which was attached to the policy the Phoenix Company was named as mortgagee. This clause is in the form commonly known as the Standard Mortgage Clause and, so far as material to be quoted, reads as follows:

"Loss or Damage, if any, under this Policy shall be payable to PHOENIX MUTUAL LIFE INSURANCE COMPANY, Mortgagee (or Trustee) as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, . . . nor by any change in the title or ownership of the property, nor by the occupation of the premises for the purposes more hazardous than are permitted by this Policy; . . . Provided, also, that the mortgagee (or trustee) shall notify this Company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee) and, unless permitted by this Policy, it shall be noted thereon and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this Policy shall be null and void."

By Chapter 123 of the Acts of 1925, which appears in the Code of 1932 as section 6175, the provisions of this clause, in substance and in almost the same verbiage, were enacted as the law in this State and made applicable

to all "fire insurance policies held by a person, firm or corporation, as trustee, mortgagee or otherwise, payable to such person, firm, corporation or other person as his interest may appear." This statute was in force at the time the policy in question was issued.

After the issuance of the policy with the mortgage clause attached the following things occurred:

On February 27, 1928, the Phoenix Mutual Life Insurance Company extended the maturity of the note until October 1, 1932, and later, to-wit, on December 18, 1929, sold and transferred the note and deed of trust to the First National Bank of Lawrenceburg, for whose use this suit is brought. On January 9, 1930, Richard F. Bailey and wife sold and conveyed the land in fee to Jack Bailey and wife for the recited consideration of one dollar and the assumption by the grantees of the note and deed of trust. The fire occurred August 28, 1930.

The Bank and Pointer, trustee, knew of the conveyance by Richard F. Bailey and wife to Jackson Bailey and wife at the time it was made, but gave no notice thereof to the defendant, although more than seven months elapsed before the fire occurred. The defendant had no knowledge or information of said conveyance or of the other conveyances hereinbefore mentioned until after the fire.

Upon the foregoing state of facts the Chancellor rendered a decree in favor of the complainant for the stipulated value of the building that was destroyed and, as stated, the defendant has appealed to this Court. In this Court the defendant has assigned three errors, the first of which is the holding of the Chancellor that the conveyance made after the issuance of the policy and the failure of the Bank to give notice thereof to the defendant did not avoid the policy as to the Bank.

It is recognized on both sides that the effect of the mortgage clause was to create a separate and distinct contract between the mortgagee and the insurance company. *Laurenzi* v. *Atlas Insurance Co.*, 131 Tenn., 644, 655. This decision was rendered some ten years before the statute referred to was enacted. Notwithstanding the seemingly plain terms of the mortgage clause and of the statute it is insisted for complainant that the failure to give notice did not render the policy void as to it for several reasons. One of these is that the provision in the mortgage clause for notice is only a covenant, for the breach of which an action for damages would lie, and is not a condition. This is true where, as in most of the cases cited by complainant's counsel, the mortgage clause contained only an agreement on the part of the mortgagee to give notice of any change of ownership that may come to his knowledge. But where the mortgage clause provides in addition, as does the Standard Mortgage Clause, that the failure of the mortgagee to give notice will render the policy void, the great weight of authority and sound reason sustain the proposition that this is a condition the breach of which will defeat recovery upon the policy. *Cole* v. *Germania Fire Ins. Co.*, 99 N. Y., 36; *Newark Fire Ins. Co.* v. *Pruett,* 75 Colo., 564; *Continental Ins. Co.* v. *Anderson,* 107 Ga., 541; *Trust Co. of St. Louis* v. *Phoenix Ins. Co.*, 201 Mo. App., 223, 210 S. W. Rep., 98; *Ormsby* v. *Phoenix Ins. Co.*, 5 S. Dak., 72; *Pioneer S. & L. Co.* v. *St. Paul F. & M. Ins. Co.*, 68 Minn., 170; *Huppfeldt & Sons* v. *Boston Fire Ins. Co.*, 104 N. Y. S., 659; *Galantshik* v. *Globe Fire Ins. Co.*, 31 N. Y. S., 32.

The authorities upon this question are collected in 3 Cooley Briefs on Insurance, Sections 2393-2395. But in the opinion of the Court the statute sets the question at

rest and leaves no room for the theory of a covenant. We quote the following from the case of *Ormsby* v. *Phoenix Ins. Co., supra,* which is as pertinent in the construction of the statute as in the construction of the contract:

"We think the term 'provided' as here used may be construed as a condition, for such is clearly the intention of the parties. 'Provided' is defined by Webster as: 'On condition; by stipulation.' Mr. Bouvier, in his Law Dictionary, says: 'A proviso always implies a condition, unless subsequent words change it to a covenant.' Mr. Anderson, in his Dictionary of Law, says of 'provided:' 'No better word expresses a condition, and it is always so taken, unless the context shows that the intent was to create a covenant.' *Rich* v. *Atwater,* 16 Conn., 409. In this case there appears to be nothing in the subsequent language of the agreement indicating that the term 'provided' is intended as a covenant. Therefore the clause in the mortgage contract that the insurance as to the interest of the mortgagee should not be invalidated by any act or neglect of the mortgagor or owner of the property insured ceases to be operative whenever there is a change of ownership or an increase of hazard that comes to the knowledge of such mortgagee, and he fails or neglects to give notice of the same to the insurer, and has permission for such change of ownership or increase of hazard indorsed on the policy. It is only upon compliance with these conditions that the insurer has agreed to so suspend the original stipulations in the policy."

It is urged that the conveyance referred to did not work such a change of ownership as is contemplated in the mortgage clause. The argument is that by the deed

of trust executed in 1922 the legal title was vested in Pointer, trustee, and the status of the legal title has not changed. But it is settled as a part of the insurance law of this State that the equitable owner is the real owner, so much so that the existence of a mortgage or deed of trust upon the property insured at the date of the issuance of the policy, though unknown to the insurer, is not a breach of a condition in the policy that the assured shall be the sole and unconditional owner. *Hughes* v. *Miller's Mut. Fire Ins. Co.*, 147 Tenn., 164.

Again, it is insisted that there is nothing to show that the conveyance complained of increased the hazard. But the mortgage clause provided for notice of a change of ownership whether the hazard was thereby increased in fact or not. A contract of insurance is a contract personal in its nature, and the insurer has the right to determine for itself whether it shall become obligated to a grantee of the assured or not. *Laundry Co.* v. *Insurance Co.*, 121 Tenn., 13.

Finally, it is said that T. J. Bailey had an insurable interest in the property and hence that, without regard to the mortgage clause and without regard to the statute, the Bank as assignee of the mortgage note and deed of trust is entitled to the benefit of the insurance under the terms of the deed of trust, which required T. J. Bailey to maintain insurance upon the buildings payable to the Nelson Mortgage Company or its assigns. But this is to assert a right in the Bank which is not independent of but derivative from T. J. Bailey and which must share the fate of Bailey's right. It is true that T. J. Bailey had an insurable interest, but, having previously conveyed the property in fee simple to Richard F. Bailey, his only interest in it was as security for the

performance by Richard F. Bailey of his agreement to pay the mortgage note and pay his own notes. This interest he undoubtedly could have insured as such, but not by a policy conditioned to be void if he was not the sole and unconditional owner in fee of the property. The policy was void as to T. J. Bailey; the complainant can predicate no right in him.

The first assignment of error is sustained. This conclusion makes it unnecessary to consider the other two assignments. The decree of the Chancellor is reversed, and the bill dismissed with costs.