**JENNINGS et al. v. BEACH et al.**

No. 815.

District Court, D. Massachusetts.

Oct. 23, 1940.

Richard C. Evarts and Lyne, Woodworth & Evarts, all of Boston, Mass., for plaintiffs.

Wm. M. Brady and Sawyer, Hardy, Stone & Morrison, all of Boston, Mass., for defendants.

SWEENEY, District Judge.

The plaintiffs' action grows out of an automobile accident, and in the writ they have named the insurance company insuring the defendant's car as a party defendant.

The accident is alleged to have occurred outside of the Commonwealth of Massachusetts. The avowed purpose of the plaintiffs in naming the insurance company as a defendant is "principally to enable the plaintiffs to obtain information under Rule 36, 28 U.S.C.A. following section 723c, as to what provisions the policy contains and as to whether it indemnifies the individual defendants against the kind of liability incurred as a result of the accident in this case." Apparently the plaintiffs seek to determine whether the alleged insurance policy contains extra-territorial coverage. The defendant insurance company has filed a motion to dismiss the action, and the principal defendant has filed a similar motion.

■ It is well settled that in the State courts of Massachusetts it is improper to join the insurance company as a co-defend-

ant of the insured, and it has been held to be grounds for declaring a mistrial to allow the jury to receive evidence that the defendant was insured or that under a policy of insurance the plaintiff's judgment could be collected from the insurance company. See Lounsbury v. McCormick, 237 Mass. 328, 339, 129 N.E. 598; Buoniconti, Adm'x, v. Lee, 234 Mass. 73, 124 N.E. 791; and Kennedy v. Armstrong, 223 Mass. 354, 111 N.E. 886.

The plaintiffs point to Rule 18(b) of the Rules of Civil Procedure as authority for their right to join the insurance company as a party defendant. I do not believe that Rule 18(b) was ever intended to cover a situation such as is presented here. As a matter of fact, there is nothing in the pleadings to indicate that the plaintiffs even have a claim against the defendant insurance company at the present time. The purpose of joining the defendant is to ascertain this very fact. The case made out by the plaintiffs does not appear to be as strong as that disposed of in Pitcairn v. Rumsey, D.C., 32 F.Supp. 146, where the court denied the right of the plaintiff to join the insurance company as a party defendant in the original action. Whether or not the insurance policy involved in this case contains a "no action" clause such as was involved in the Pitcairn case makes little difference. Under Chapter 175, Section 113 of the General Laws (Ter.Ed.), it has been held the right to proceed against the insurance company does not arise until the loss or damage has been ascertained and fixed in some legal way, usually by a judgment of the court. See Lorando v. Gethro, 228 Mass. 181, 117 N.E. 185, 1 A. L.R. 1374. While the question of the joinder of an insurance company as a party defendant is primarily procedural, nevertheless, the ground for denial of such a right, in part, is the possibility of prejudice through the knowledge by the jury that a verdict will be paid by an insurance company.

### Conclusions of Law

I therefore conclude that the plaintiffs are not entitled as a right to join the defendant insurance company in this cause of action. It does not, however, follow that the motions to dismiss the entire action should be allowed. Rule 21 provides that misjoinder of parties is not grounds for dismissal of an action, and that "any claim against a party may be severed and proceeded with separately". I conclude there-

fore that the motion to dismiss filed by the defendant Beach must be denied. The motion of the defendant insurance company may be allowed insofar as it pertains to it. See Federal Housing Administrator v. Christianson, D.C., 26 F.Supp. 419.

I will leave it to the parties to voluntarily make, or the trial court to order, such change in the writ, pleadings, and other papers as will insure this case being submitted to the jury without any prejudicial matters.