**UNITED STATES of America,**
**Plaintiff,**

v.

**CISCO AIRCRAFT, INC. and Farwest**
**General Agency, Defendants.**

**Civ. No. 2039.**

United States District Court,
D. Montana,
Helena Division.

Feb. 7, 1972.

R. E. Murray, Jr., Asst. U. S. Atty., Butte, Mont., for plaintiff.

Kendrick Smith, Corette, Smith & Dean, Butte, Mont., for Cisco.

Glen L. Drake, Keller, Reynolds & Drake, Helena, Mont., for Farwest.

### ORDER

RUSSELL E. SMITH, Chief Judge.

From the complaint it appears that the United States contracted with Defendant Cisco Aircraft, Inc. (Cisco) to do some aerial spraying in the national forests. The United States, as a part of the spraying program, made arrangements to use the Helena Airport and as a part of that arrangement agreed to reimburse the Helena Joint City-County Airport Board for any damages which might be done to the runways as a result of the government use. Cisco spilled quantities of fluids on the airport facilities and damaged them, and the United States was, by a judgment of the Court of Claims, held liable for that damage. Cisco in the spraying contract agreed to hold the United States harm-

less from any damages suffered as a result of Cisco's operations. Cisco deposited, as it was required to do, a certificate of insurance executed by Defendant Farwest General Agency (Farwest). That certificate specifically provided that neither it nor the policy extended coverage to the United States as an additional assured. Thus Farwest if liable is liable as an indemnitor.

■■ Farwest moves to dismiss on the ground that the complaint fails to state a claim. As a matter of substantive law in Montana an insurer is not liable to a person injured by an insured until the liability of the insured to the injured party has been adjudicated, and under the old system of code pleading in Montana[1] a complaint did not state a cause of action against the insurer in the absence of an allegation that the liability of the insured had been adjudicated. Cummings v. Reins Copper Co., 40 Mont. 599, 107 P. 904 (1910); Conley v. United States Fidelity & Guaranty Co., 98 Mont. 31, 37 P.2d 565 (1934). As a matter of substantive law[2] therefore the defendant Farwest, if all of the allegations of the complaint are true, is not at this moment liable to the plaintiff because there has not been an adjudication of Cisco's liability to the United States. Does this, however, preclude the joinder of Farwest as a party to this action? I think not.

■ Whether a complaint in a federal court states a claim is a matter of federal law and it is clear as a matter of federal procedure that a complaint may state a claim against a defendant before that defendant's contingent liability has become absolute. Rule 18(b) of the Rules of Civil Procedure expressly provides:

> Joinder of Remedies; Fraudulent Conveyances. Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. In particular, a plaintiff may state a claim for money and a claim to have set aside a conveyance fraudulent as to him, without first having obtained a judgment establishing the claim for money.

The result reached is contrary to Pitcairn v. Rumsey, 32 F.Supp. 146 (W.D. Mich.1940), and Jennings v. Beach, 1 F. R.D. 442 (D.Mass.1940), but I believe it to be compelled by the language of Rule 18(b). The fears expressed in those opinions are more imaginary than real since under Rule 18(b) the court may grant relief only in accordance with the substantive rights and under Rules 20(b) and 42(b) the court can, where there is a state policy to that effect, prevent disclosure of the existence of insurance to the jury.

The motions to dismiss of the defendants Cisco Aircraft, Inc. and Farwest General Agency are denied. Defendants are granted twenty (20) days within which to further plead.

---

1. Mont.R.Civ.P. were adopted by Ch. 13 Laws 1961.

2. Federal contracts are governed by federal law, but in the absence of any federal statute or regulation the state law may be accepted as controlling, not because it aplies of its own force but because it is adopted as federal law. United States v. Stadium Apartments, Inc., 425 F.2d 358 (9th Cir. 1970).