## PENN–AMERICA INSURANCE CO., Plaintiff–Appellant,

v.

**Edward E. "Jim" CRITTENDEN, Lawrence H. Lassiter, M.D., and David H. Turner, M.D., Individually and d/b/a CLT Partnership, Defendants–Appellees.**

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

July 29, 1998.

Permission to Appeal Denied by Supreme Court Jan. 25, 1999.

Lex A. Coleman, Ruth, McCarthy & Coleman, P.C., Chattanooga, for plaintiff-appellant.

Richard A. Schulman, Patrick, Beard, Schulman & Jacoway, P.C, Chattanooga, for defendants-appellees.

### *OPINION*

FRANKS, J.

In this subrogation action,[1] the Trial Judge granted summary judgment to defendants on

---

**1.** Plaintiff alleged that it had paid First Tennessee Bank, N.A., the value of its mortgage interest

the ground that the doctrine of *res judicata* barred plaintiff's claim. Plaintiff has appealed, insisting essentially that no cause of action for subrogation arose until payment was actually made, and that procedurally a claim could not be joined in the prior litigation until payment was made.

Following a fire loss to defendants' property, plaintiff brought a declaratory judgment in the United States District Court at Chattanooga against CLT Partnership and Joe Hollingshead, insureds, and First Tennessee Bank National Association (loss payee under the policy), for a declaratory judgment that there was no coverage for this loss under a policy of insurance issued to these defendants on the grounds that the fire was of deliberate origin and that "the insurance was suspended due to breach of a warranty concerning smoke detectors in each living unit as required by the policy contract of insurance". Ultimately, after motions for summary judgment were filed, the District Court granted summary judgment to plaintiff herein against CLT and Hollingshead on the ground that they had not complied with "the coverage condition and the protective safeguards endorsement". Plaintiff's motion for summary judgment against First Tennessee was denied, and First Tennessee's motion for summary judgment against plaintiff was granted as being entitled to recover to the extent of its mortgage interest under CLT and Hollingshead's insurance policy with plaintiff.

After this judgment, on August 15, 1994, plaintiff filed in the District Court a motion for declaration of subrogation interest, and right to recover post-loss mortgage payments made to First Tennessee against the policy holders. The District Judge on August 23, 1994, refused to declare plaintiff's subrogation rights, noting: "The Court entered a judgment on the case on April 14, 1994, and Pan–America filed a notice of appeal on May 13, 1994."

Plaintiff perfected its appeal to the United States Court of Appeals for the Sixth Circuit, where the Court entered an opinion on January 30, 1997. As to the subrogation issue, the Court noted that the District Court had denied plaintiff's motion "because Penn raised this issue only after the trial. This issue was not in the complaint, amended complaint, or the pre-trial order." In ruling, the court said: "this specific issue was not before the Court" prior to the judgment and "it is not clear what is inconsistent or unfair about not allowing Penn to recover what it had not sought. We find no abuse of discretion in the District Court's ruling."

Our review of the Trial Court's judgment is *de novo* on the record with no presumption of correctness, since the issue is a question of law. *Adams v. Dean Roofing Co.,* 715 S.W.2d 341 (Tenn.App.1986).

■ We begin our analysis with the observation that plaintiff was charged with the knowledge that its separate contractual obligation with First Tennessee would not generally be invalidated by acts of the insured or others, when it elected to bring its declaratory judgment in the U.S. District Court to declare its rights under the policy of insurance, *see Phoenix Mutual Life Ins. Co. v. Aetna Ins. Co.,* 166 Tenn. 126, 131, 59 S.W.2d 517 (1933). However, plaintiff argues that its right of subrogation under the terms of the policy did not arise until the payment was made to First Tennessee, which was after the suit was tried in District Court. This begs the question, it has long been held that the doctrine of *res judicata* "operates as a bar to all claims that were actually litigated or could have been litigated in the first suit between the same parties". *American National Bank & Trust Co., etc., v. Clark,* 586 S.W.2d 825, 826 (Tenn.1979). The issue thus be-

in the amount of $122,905.03 and was seeking to recover from the defendants herein under a provision of the policy issued to the defendants which states, in pertinent part:

When the company shall pay the mortgagee any sum for loss under this policy, and shall claim that, as to the mortgagor or owner, no liability therefor existed, the company shall, to the extent of such payment, be thereupon legally subrogated to all of the rights of the mortgagee to whom such payment shall have been made, under the mortgage debt.

comes whether plaintiff "could have" litigated this claim in the prior District Court case. We agree with the Chancellor that it could have.

 Implicit in the holdings of both the District Court and the Sixth Circuit Court of Appeals, is the fact that this claim could have been litigated in that action if it had been timely pled. The objection, as found by both of those courts, was that this claim was not timely raised in that litigation. Federal Rules of Civil Procedure, Rule 18, expressly provides for the joining of this type of claim with the other claims against the parties.[2] Federal cases repeatedly express that the federal judiciary has an interest in having all claims against all parties litigated in one action. *See, e.g., Hargrave v. Oki Nursery, Inc.,* C.A.2 (N.Y.) 1980, 646 F.2d 716; *Lanier Business Products v. Graymar Co.,* D.C. Maryland 1972, 342 F.Supp. 1200. It is clear that as a matter of federal procedure, a complainant may state a claim against a defendant before the defendant's contingent liability has become absolute. *U.S. v. Cisco Aircraft, Inc.,* DC, Montana (1972) 54 F.R.D. 181.

We hold for the foregoing reasons that plaintiff's claim could have been timely litigated in the prior litigation between these parties, and the doctrine of *res judicata* is a bar to this action. *See Massengill v. Scott,* 738 S.W.2d 629 (Tenn.1987).

The judgment of the Chancery Court is affirmed, and the cause remanded with the cost of the appeal assessed to appellant.

CHARLES D. SUSANO, Jr., J., and WILLIAM H. INMAN, Sr.J., concur.

2. Rule 18: Joinder of Claims and Remedies. (a) Joinder of Claims. A party asserting a claim to relief as an original claim, counter-claim, cross-claim or third party claim, may join either as independent or as alternate claims, as many claims, legal, equitable, or maritime as the party has against the opposing party. (b) Joinder of Remedies; Fraudulent Conveyances. Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action. . . .