IN THE COURT OF APPEALS
AT KNOXVILLE

**FILED**

October 15, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

|                          |   |                     |
|--------------------------|---|---------------------|
|                          | ) | KNOX COUNTY         |
| JAMES R. BALDWIN,        | ) | 03A01-9903-CH-00110 |
|                          | ) |                     |
|    Plaintiff-Appellant, | ) |            |
|                          | ) |                     |
|    v.     | ) |                     |
|                          | ) | HON. SHARON BELL    |
| THE KNOX COUNTY BOARD    | ) | JUDGE               |
| OF EDUCATION,            | ) |                     |
|                          | ) |                     |
|    Defendant-Appellee. | ) |               |
|                          | ) | AFFIRMED AND REMANDED |
|                          | ) |                     |

THOMAS R. HENLEY of LUFKIN, HENLEY & CONNER, Knoxville, for Appellant

RICHARD T. BEELER, Knox County Law Director, and MARY ANN STACKHOUSE, Deputy Law Director, for Appellee

O P I N I O N

Goddard, P.J.

This appeal involves an action for back wages by James R. Baldwin, the Plaintiff/Appellant and a former employee of the Knox County School Board, the Defendant/Appellee. Mr. Baldwin argues that he is owed approximately $32,187 in wages. Upon the filing of his complaint, Mr. Baldwin moved for summary judgment, and the Board likewise moved for summary judgment on the ground

of res judicata when it filed its answer to Mr. Baldwin's complaint.

After hearing the parties' arguments on January 25, 1999, the Trial Court granted the Board's motion for summary judgment on the ground of res judicata on February 26, 1999. Mr. Baldwin appeals the judgment of the Trial Court.

Mr. Baldwin's sole issue on appeal, which we restate, is whether the Trial Court erred by applying the doctrine of res judicata because the issues presented in the case <u>sub judice</u> are not the same as in a previous suit against the Board.

Mr. Baldwin had been a teacher with the Knoxville City School System. When the Knoxville City School System merged with the Knox County School System, Mr. Baldwin applied for the position of workers'compensation administrator and received that position beginning with the 1989-90 school year. He retired from that position in 1993.

Mr. Baldwin filed his first lawsuit against the Board in 1994 and alleged that the Board had paid him less than he should have received during the years 1988 to 1993. Among his allegations were that the Board owed him $32,187 in wages. The

2

Trial Court dismissed all of Mr. Baldwin's claims and denied relief except for $179, which the Board acknowledged that it owed Mr. Baldwin for wages during the 1992-93 school year.

Mr. Baldwin appealed to this Court, which affirmed the judgment of the Trial Court.  See Baldwin v. Knox County Board of Education, an unreported opinion of this Court, filed in Knoxville on November 30, 1995.

Approximately eighteen months later on February 3, 1997, Mr. Baldwin filed his second lawsuit concerning wages.  In his second complaint, Mr. Baldwin argued that the Board owed him $32,187 in wages, but in this complaint, he alleged that the reduction in pay was a violation of Tennessee Code Annotated § 49-5-203, which provides for a teacher's rights in a school system.  As already noted, Mr. Baldwin moved for summary judgment, as did the Board, which asserted the affirmative defense of res judicata.

After arguments by both sides, the Trial Court held that res judicata barred Mr. Baldwin's second lawsuit.

3

Mr. Baldwin argues that the Trial Court erred in applying the doctrine of res judicata in the case sub judice. He contends that issues in the present case were not the same as those in the first lawsuit. He maintains that the issue in the first lawsuit was breach of an implied contract and that the issue in the second lawsuit was violation of the teacher tenure statute. With respect to the parties in each suit, Mr. Baldwin asserts that "the first lawsuit involved charging specific administrative officials, Plaintiff's supervisors, with making promises and not keeping them. The second lawsuit involves charging the school board as a broad government administrative agency with violating the rights and privileges of an employee...." He argues that the two causes of action could not have been brought in the same lawsuit because the "issues were contradictory – Implied contract v. tenure rights," and the proof would have been different for each. Therefore, the doctrine of res judicata is not applicable.

The Board argues that res judicata is applicable to the case sub judice. Citing numerous cases in support of its argument, the Board asserts that "the doctrine of res judicata bars this second lawsuit since it is between the same parties and is based on the same claim as to all issues which were or could have been litigated in the former suit."

4

As the Board notes, the doctrine of res judicata bars a second suit between the same parties on the same cause of action as to all issues which were or <u>could have been litigated</u> in the former suit. <u>Penn-America Insurance Company v. Crittenden</u>, 984 S.W.2d 231 (Tenn. Ct. App. 1998); <u>Collins v. Greene County Bank</u>, 916 S.W.2d 941, 945 (Tenn. Ct. App. 1995)(emphasis added).

We find that this case presents us with a classic example of res judicata. The key to an analysis under res judicata is whether the issue <u>could have been litigated</u> in the former lawsuit. In his first lawsuit, Mr. Baldwin sued the Knox County Board of Education, the same party in the second suit. The issue in his first lawsuit was $32,187 in wages that were owed him by the Board, and in this second suit, the issue is $32,187 in back wages. However, in his second suit, Mr. Baldwin asserts his claim for wages pursuant to the teacher tenure statute, a claim he certainly could have raised in his first lawsuit.

For the foregoing reasons, the judgment of the Trial Court is affirmed, and the cause remanded for collection of the judgment and costs below. Costs of appeal are adjudged against Mr. Baldwin and his surety.

                                                    _____
                                                    Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
D. Michael Swiney, J.