IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 22, 2014 Session

## FARMERS INSURANCE EXCHANGE v. MARK A. SHEMPERT, ET AL.

Direct Appeal from the Circuit Court for Shelby County
No. CT-005631-11      Jerry Stokes, Judge

No. W2013-01059-COA-R3-CV - Filed February 3, 2014

The trial court denied Defendant's motion to dismiss on the basis of the doctrine of prior suit pending and entered summary judgment in favor of Plaintiff under-insured/uninsured motorist insurance carrier. We hold that the action was barred under the doctrine of prior suit pending where the subject matter of the current lawsuit, namely, insurance coverage, was asserted by Plaintiff insurance carrier as a defense in an action previously filed by Defendant insured and pending in the circuit court. Summary judgment in favor of Plaintiff insurance carrier is reversed. This action is remanded to the trial court for dismissal in accordance with this Opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Robert A. Cox and Ronna D. Kinsella, Memphis, Tennessee, for the appellants, Mark A. Shempert and Deborah A. Shempert.

Bradford D. Box and Jonathan David Stewart, Jackson, Tennessee, for the appellee, Farmers Insurance Exchange.

## OPINION

This lawsuit arises from a September 2007 automobile accident in which Plaintiff Mark A. Shempert (Mr. Shempert) was injured when his vehicle collided with a vehicle operated by Robert Davis (Mr. Davis), who died at the scene of the accident. For the purposes of this appeal, the background facts, including Mr. Shempert's injuries, the negligence of Mr. Davis, and that Mr. Davis was operating an uninsured vehicle, are not disputed. In September 2008, Mr. Shempert and his wife, Deborah A. Shempert (Ms. Shempert; collectively, "the Shemperts") filed an action for damages arising from the accident against Mr. Davis and his personal representative *ad litem* in the

Circuit Court for Shelby County (*Shempert I*). They also served unnamed Defendant Farmers Insurance Exchange (Farmers), their under-insured/uninsured motor vehicle insurance carrier, seeking benefits pursuant to the terms of their policy of insurance. *Shempert I* was assigned to Division 7 of the circuit court. Farmers answered in February 2009, asserting nine affirmative defenses and generally denying coverage under the policy. Although it denied coverage under the policy, Farmers did not dispute that the Shemperts' policy of insurance was effective when the accident occurred.

Following discovery in *Shempert I*, Farmers filed a declaratory judgment action against the Shemperts, Mr. Davis, and Mr. Davis's representative (*Shempert II*) in December 2011. *Shempert II* was assigned to Division 6 of the Circuit Court for Shelby County. In its complaint, Farmers recited that the Shemperts had filed their September 2008 complaint bearing the docket number CT-004612-08; that the Shemperts prayed for damages in excess of $500,000; that the allegations arose out of the September 2007 automobile accident; and that the Shemperts were covered under a policy of insurance issued by Farmers with effective dates of May 29, 2007 through November 29, 2007. Farmers asserted that it "owe[d] no coverage under its Policy . . . under the facts alleged in the Complaint filed by [the Shemperts in *Shempert I*] against it, and the corresponding investigation into those facts." Farmers further recited facts discovered during discovery in *Shempert I*, and prayed "[f]or a declaration that no coverage is afforded under the insurance policy issued to [the Shemperts] . . . with regard to the litigation pending in the Circuit Court of Shelby County."

In February 2012, the Shemperts filed a motion to dismiss in *Shempert II*, asserting the action was barred where a previously filed lawsuit between the parties involving the identical issue was pending in another court in the same district. The Shemperts asserted that dismissal was proper pursuant to the doctrine of prior suit pending. Following a hearing on February 24, 2012, the trial court denied the Shemperts' motion to dismiss, finding that the subject matter in *Shempert I* differed from the subject matter asserted in *Shempert II*, namely whether Farmers must "afford insurance coverage to [the Shemperts] under the circumstances[.]" The Shemperts filed an answer to Farmers' complaint in April 2012, and *Shempert I* was stayed pending resolution of *Shempert II*. The parties filed cross-motions for summary judgment in *Shempert II*. The trial court heard the motions for summary judgment on March 1, 2013. By order entered April 5, 2013, the trial court awarded summary judgment in favor of Farmers and made the judgment final pursuant to Tennessee Rule of Civil Procedure 54.02. The Shemperts filed a timely notice of appeal to this Court.

### *Issues Presented*

The Shemperts present the following issues for our review, as stated by them:

(1)     Whether, when read in light of the Policy as a whole and with regard to the particular circumstances of the case, the "regular use" exception contained within Appellants' insurance policy is ambiguous and otherwise in violation of public policy?

(2)     Whether the Trial Court erred in denying Appellants' Motion to Dismiss on the grounds of Prior Suit Pending?

### Prior Suit Pending

We first turn to whether the trial court erred by denying the Shemperts' motion to dismiss based on the doctrine of prior suit pending. The doctrine of prior suit pending is a well-established doctrine that provides that an action is subject to dismissal where a prior lawsuit involving the same parties and the same subject matter is pending. *West v. Vought Aircraft Indus., Inc.*, 256 S.W.3d 618, 620 (Tenn. 2008)(citation omitted). The defense also requires that the first-filed lawsuit is pending in a court that has subject matter jurisdiction over the action and personal jurisdiction over the parties. *Id*. at 623. The trial court's judgment with respect to whether dismissal is appropriate under the doctrine of prior suit pending is a question of law which we therefore review *de novo*, with no presumption of correctness. *Pitts v. Villas Frangista Owner's Ass'n*, No. M2010-01293-COA-R3-CV, 2011 WL 4378027, at * (Tenn. Ct. App. Sept. 20, 2011)(citing *see West v. Vought Aircraft Indus., Inc*., 256 S.W.3d 618, 622 (Tenn.2008); *City of Newport v. Masengill Auction Co.*, 19 S.W.3d 789, 792 (Tenn. Ct .App. 1999)).

There is no dispute in this case that an action involving the Shemperts and Farmers as parties was pending in another division of the Shelby County Circuit Court when Farmers filed the instant lawsuit. It also is not disputed that the trial court had subject matter jurisdiction over *Shempert I* and personal jurisdiction over the parties; that the Shemperts' underinsured/uninsured motor vehicle coverage was an issue in *Shempert I*; that Farmers raised the issue of coverage as a defense in *Shempert I*; or that resolution of *Shempert II* in favor of Farmers would have a *res judicata* effect, precluding re-litigation of the issue of coverage in *Shempert I*. In its order denying the Shemperts' motion to dismiss, however, the trial court determined that *Shempert I* and *Shempert II* did not involve the same subject matter where *Shempert I* was predicated on the liability of Mr. Davis for the accident and injuries to Mr. Shempert and *Shempert II* concerned whether, as a matter of law, coverage was available to the Shemperts under their policy of insurance. We must disagree with the trial court's conclusion.

As noted, Farmer's participated in *Shempert I,* the issue of coverage was raised by Farmers in its answer to the Shemperts' complaint in *Shempert I*, and the defense of lack of coverage would have been considered waived in *Shempert I* had Farmers failed to assert it. *See Kentucky Nat. Ins. Co. v. Gardner*, 6 S.W.3d 493 (Tenn. Ct. App. 1999); *Derryberry v. Pratt*, 557 S.W.2d 923 (Tenn. Ct. App. 1977). Further, had Farmers failed to raise the issue of coverage in *Shempert I*, the issue would have been barred by the doctrine of *res judicata* in any subsequent action arising out of the same facts and occurrence. *Penn-America Ins. Co. v. Crittenden*, 984 S.W.2d 231, 232-33 (Tenn. Ct. App. 1998). Additionally, as we noted in *Crittenden*, "having all claims against all parties litigated in one action" is in the best interest of judicial economy. *Id.* at 233.

It is undisputed in this case that Farmers participated as a party in *Shempert I*; that it filed a pleading and other papers, asserted the defense of coverage, and participated in discovery in that

case; that the trial court had subject matter jurisdiction and personal jurisdiction over the parties in *Shempert I*; and that the issue of coverage was pending before the trial court in *Shempert I* when Farmers filed *Shempert II.* As the trial court noted, the Shemperts' claims in *Shempert I* were predicated on the negligence of Mr. Davis. However, the element of "identical subject matter" for the purposes of the doctrine of prior suit pending is not limited to the claims asserted by the plaintiff in his complaint, but encompasses the subject matter of the lawsuit. *See Erie Ins. Exch. v. Rose*, No. M2011-02495-COA-R3-CV, 2012 WL 3027224 (Tenn. Ct. App. July 24, 2012). Clearly, the question of coverage under the policy of insurance was an element of Farmer's defense in *Shempert I* and would have been waived had it not been asserted as an issue. It was, therefore, an "identical subject" of the pending litigation when Farmers filed its complaint in *Shempert II.* Farmers complaint in *Shempert II* accordingly was barred by the doctrine of prior suit pending where the question of coverage was one of the subjects of the pending litigation in *Shempert I.*

### *Holding*

In light of the foregoing, we reverse summary judgment in favor of Farmers and remand this case for dismissal on the basis of prior suit pending. Costs on appeal are taxed to the Appellee, Farmers Insurance Exchange. Remaining issues are pretermitted as requiring an advisory opinion in light of this holding.

 

_____
DAVID R. FARMER, JUDGE