# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
April 20, 2016 Session

## RAFIA NAFEES KHAN v. REGIONS BANK, ET AL.

**Appeal from the Chancery Court for Knox County**
**No. 1897322     Clarence E. Pridemore, Jr., Chancellor**

_____

## No. E2015-01891-COA-R3-CV
## FILED-MAY 25, 2016

_____

The trial court granted the defendants' motion to dismiss on the basis of prior suit pending and dismissed the plaintiff's lawsuit. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and JOHN W. MCCLARTY, J., joined.

Dan D. Rhea, Knoxville, Tennessee, for the appellant, Rafia Nafees Khan.

Michael S. Kelly, Knoxville, Tennessee, for the appellees, Regions Bank, and Companion Property and Casualty Insurance Company.

## MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Tenn. Ct. App. R. 10.

## BACKGROUND

This is an appeal of the second case filed disputing a lien on real property. This Court previously related the facts of this case in ***Khan v. Regions Bank***, 461 S.W.3d 505 (Tenn. Ct. App. 2014) ("***Khan I***"), *perm. app. denied* (Mar. 16, 2015), *cert. denied*, 136 S. Ct. 129, 193 L. Ed. 2d 40 (U.S. 2015):

> The background facts of this long-running controversy are fairly straightforward. Mr. and [Ms.] Khan obtained a joint line of credit from the Bank's predecessor secured by a deed of trust on residential property. [Ms.] Khan had bought the property in 2004, and, later in 2004, she quitclaimed it to the Rafia N. Khan Irrevocable Trust. This property is where [Ms.] Khan and her two children live. The joint line of credit dates from 2006, and it provided for credit up to $80,000. Mrs. Khan signed the credit agreement and disclosure in her individual capacity and signed the deed of trust both in her individual capacity and on behalf of the Trust. In 2008, [Ms.] Khan wanted to close the line of credit. There was some issue about whether or when the paperwork necessary to close the line of credit was processed finally. Before the final processing, Mr. Khan transferred $40,000 from the joint line of credit to his checking account. [Ms.] Khan apparently was not consulted and did not approve of this move. The Khans have since divorced. [Ms.] Khan brought this lawsuit in both her individual capacity and as Trustee of the Rafia N. Khan Irrevocable Trust. [Ms.] Khan sought to have the Bank's refusal to release the lien on the residential property declared as an "unfair act" under the Tennessee Consumer Protection Act. Per the loan documents, the parties by an agreed order entered into arbitration. The Bank attempted to add Mr. Khan as a party to the arbitration, a move [Ms.] Khan successfully opposed.
>
> In November 2009, arbitration took place before the Arbitrator. The Arbitrator's findings as contained in the "Summary" section of the Interim Award and adopted in the Final Award, consisted of the following:
>
>> 1. Ms. Khan has not proved that Regions Bank has breached the joint line of credit with respect to her;

2. Ms. Khan cancelled her obligations under the joint line of credit by providing Regions Bank with a written notice of cancellation[];

3. Ms. Khan is not personally liable for the $40,000.00 loan made to Mr. Khan on or about March 12, 2008;

4. It is beyond the power of the Arbitrator to decide whether or not Mr. Khan remains liable to Regions Bank on the line of credit or on some other basis;

5. It is beyond the power of the Arbitrator to decide whether the Deed of Trust secures any such indebtedness Mr. Khan may have to Regions Bank;

6. Ms. Khan is not entitled to an order in this arbitration requiring Regions Bank to release the lien on the property at 3901 South Lake Boulevard;

7. Regions Bank is not liable for any "unfair acts" in violation of the TCPA[];

8. Ms. Khan can be held liable for Regions Bank's reasonable attorneys fees and litigation costs (except as to more than $375.00 in arbitrator's fees) in defending against Ms. Khan's unsuccessful claims;

9. Ms. Khan is not entitled to any recommendations from the Arbitrator to be made to the Knox County, Tennessee Chancery Court;

10. Ms. Khan is not entitled to recover her attorney's fees and costs in this arbitration; and,

11. Regions Bank may serve its petition for attorney's fees as outlined above within ten (10) business days of service on it of this Interim Award. The Claimant shall have ten (10) business days after service of the Petition on it to which to serve her response. Unless otherwise ordered by the Arbitrator, the hearing will be deemed closed once Claimant responds or the deadline to do so passes, whichever occurs first, and the undersigned shall have fourteen (14) days thereafter in which to serve a Final Award.

Regarding attorney's fees, the Arbitrator stated, in part:

> The same day that the [] agreement was signed, August 11, 2006, Mr. and Ms. Khan, individually, and Ms. Khan, as trustee of the aforementioned trust, signed the deed of trust using the property at [issue] as collateral for the "open-end mortgage" with a maximum allowable principal indebtedness of $80,000.00. That deed of trust has never been released and it expressly obligates Ms. Khan to pay the bank's "Defense Costs" (attorney's fees and costs) which the bank incurs in defending unsuccessful claims brought by her against it. This is a matter of contract and is unrelated to the Tennessee Consumer Protection Act claim.

The Arbitrator awarded the Bank $24,678.00 in attorney's fees and $1,317.54 in costs against [Ms.] Khan, individually and as Trustee.

The Bank filed a motion in the Trial Court to confirm the award. [Ms.] Khan, arguing that the Arbitrator had exceeded his authority in failing to determine whether a lien on the property was created by Mr. Khan's drawing $40,000 from the joint line of credit contrary to Mrs. Khan's wishes before it was closed, filed a motion to vacate. The Trial Court vacated the arbitration award and remanded this matter with instructions to the Arbitrator. The Trial Court's order, in its entirety, states:

> This cause came on to be heard, on the 1st day of July, 2010, before the Honorable Daryl R. Fansler, Chancellor, upon the plaintiff's Motion to Vacate Arbitration Award, the briefs of counsel for and against said Motion, and the arguments of counsel in open court, whereupon the court did find said Motion well taken, and sustained the same, accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED, that the February 11, 2010 Award issued by Robert P. Murrian in this same cause between

these same parties shall be and the same hereby is vacated pursuant to the Federal Arbitration Act, 9 U.S.C. § 10(a)(4) ["the United States court . . . may make an order vacating the award ... where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."]. Arbitrator Murrian is hereby directed to consider and resolve the issue of whether the application of the Khan Deed of Trust to the home of the plaintiff under all of the circumstances of this case is or would be an "unfair act" within the meaning of that term in the Tennessee Consumer Protection Act, without regard to any perceived interest of Mohammed Azeem Khan, a non-party, in the resolution of that issue.

*Id.* at 506–09. The Bank appealed to this Court. *Id.* at 509. Notably, due to the discharge of Ms. Khan's individual liabilities in her personal bankruptcy, the *Khan I* Court limited its analysis and holding to Mrs. Khan in her position as Trustee. *Id.* at 508–09. Furthermore, the court noted that the property upon which the lien was attached was owned by the Trust, not Mrs. Khan individually. After limiting its review, the Court considered whether the trial court erred in vacating the Arbitrator's award rather than confirming it.

As stated above, the Arbitrator ruled in Ms. Khan's favor in that she was not personally liable for the $40,000 borrowed by Mr. Khan; however, the Arbitrator declined Ms. Khan's request to remove the lien against the property. Ms. Khan argued that the Arbitrator exceeded his authority by declining to decide: (1) whether Mr. Khan was personally liable for the debt; and (2) whether the Deed of Trust secured any debt by Mr. Khan to the Bank.

Relevant to the instant appeal, the *Khan I* Court reversed the trial court's order and held that the Arbitrator "adequately resolved the dispute between the parties to the arbitration." The Court noted that Ms. Khan opposed the Bank's attempt to make Mr. Khan a party to the arbitration, and as such, was precluded from arguing that the Arbitrator exceeded his authority by failing to make a ruling as to any alleged liability of Mr. Khan. Accordingly, the *Khan I* Court remanded the case back to the trial court to confirm the Arbitrator's award as it pertained to the Trust, with no modification as to the Arbitrator's decision to decline ruling on Mr. Khan's interests. The *Khan I* Court's decision was filed on November 12, 2014. After an unsuccessful petition to rehear, Ms. Khan requested permission to appeal to the Tennessee Supreme Court on January 20,

2015, which application was denied on March 16, 2015. On June 15, 2015, Ms. Khan filed a petition for writ of certiorari with the Supreme Court of the United States, which was also subsequently denied.

On June 3, 2015, Ms. Khan, purportedly in her individual capacity, filed the instant lawsuit also in the Knox County Chancery Court (hereinafter referred to as "***Khan II***") against the Bank. The parties do not dispute that ***Khan I*** was still pending at the time Ms. Khan filed ***Khan II***.[2] The Bank filed a motion to dismiss on July 8, 2015, based upon Ms. Khan's failure to join Companion Property and Casualty Insurance Company ("Companion"), the current assignee of the Deed of Trust, as a necessary party and based upon Ms. Khan's alleged lack of standing because the property at issue belonged to the Trust, not Ms. Khan individually.

On July 15, 2015, Ms. Khan filed her First Amended Complaint in which she added Companion (together with the Bank, "Appellees") as a party to the lawsuit and addressed the Bank's allegation that she lacked standing.[3] The First Amended Complaint is the operative complaint for purposes of this appeal. On July 22, 2015, the Bank filed another motion to dismiss, arguing again that Ms. Khan lacked standing; that the Bank was no longer a proper party as its interest had been assigned; and that Ms. Khan had still failed to join all necessary parties, including the current holder of the first mortgage, Bank of America,[4] and Mr. Khan. Companion filed a similar motion to dismiss on August 19, 2015.

---

[2] Ms. Khan concedes this fact in her brief.

[3] In the First Amended Complaint, Ms. Khan clarifies her standing to bring the lawsuit. She alleges that the Trust was terminated on August 23, 2010, when the parties divorced. She claims that the purpose of the Trust was to protect her assets from the marital property claims of her husband, and such purpose was accomplished upon their divorce. Thus, she asserts that the property "automatically reverted" back to her in her individual capacity. Although the parties' divorce occurred prior to the decision in ***Khan I***, and thus, the Trust was "terminated" before ***Khan I***, Ms. Khan does not argue that the decision in ***Khan I***, which directed confirmation of the Arbitrator's award solely against the allegedly defunct Trust, was invalid for any reason. On the other hand, in a response to a subsequent motion, Ms. Khan notes that "[i]f it would make [the Bank] feel any better, [she] is ready, willing, and able to amend her complaint again to identify herself as the 'trustee' of [the Trust]." She further alleges that this "mere technicalit[y]" should not preclude her from showing her interest in the property. We note, however, that the documents creating the Trust do not appear in the record on appeal so its purpose is not clear to this Court, and thus, we offer no opinion as to the consequence of these observations.

[4] As a point of clarification, we note that Bank of America's interest is the first mortgage on the property and the lien created a second mortgage, which was junior to the first mortgage.

On August 21, 2015, Ms. Khan filed a response to Appellees' motions to dismiss. She argued that she had standing because she has an interest in the property. Further, she stated that "[the Bank] has offered no evidence whatsoever that [Ms. Khan's] former husband has any interest at stake in this lawsuit to remove that second mortgage [(i.e. the lien)] from her property." (Emphasis in original.)

Subsequently, on August 25, 2015, the Bank raised the doctrine of "prior suit pending" for the first time as a basis for dismissal in a supplement to its motion to dismiss. Ms. Khan responded on August 27, 2015, arguing that the doctrine did not apply to the circumstances of the instant case.

On August 31, 2015, the trial court conducted a hearing during which it orally granted Appellees' motions to dismiss based on the doctrine of prior suit pending. A written order to this effect was entered on September 16, 2015. From this order, Ms. Khan appeals.

## ISSUES

In her brief, Ms. Khan raises three issues, which we have restated:

> 1. Whether the trial court properly dismissed **Khan II** based on the doctrine of prior suit pending.
> 2. Whether Ms. Khan has proven her standing to sue in **Khan II**.
> 3. Whether dismissal of a complaint is a proper remedy for allegedly failing to join necessary parties.

## ANALYSIS

We first consider whether the trial court erred by granting Appellees' motion to dismiss based on the doctrine of prior suit pending. In considering an appeal from a trial court's grant of a motion to dismiss, we take all allegations of fact in the complaint as true, and review the trial courts' legal conclusions *de novo* with no presumption of correctness. Tenn. R. App. P. 13(d); **Mid-South Indus., Inc. v. Martin Mach. & Tool, Inc.**, 342 S.W.3d 19, (Tenn. Ct. App. 2010) (citing **Owens v. Truckstops of Am.**, 915 S.W.2d 420, 424 (Tenn. 1996)). The trial court's judgment concerning the applicability of the prior suit pending doctrine is a question of law that this Court therefore reviews *de novo*, with no presumption of correctness. **Pitts v. Villas Frangista Owner's Ass'n**, No. M2010-01293-COA-R3-CV, 2011 WL 4378027, at *4 (Tenn. Ct. App. Sept. 20, 2011).

The doctrine of prior suit pending is well-established in Tennessee law and provides that a lawsuit is subject to dismissal where a prior lawsuit involves the same parties and subject matter. **West v. Vought Aircraft Indus., Inc.**, 256 S.W.3d 618, 620

(Tenn. 2008). To justify a dismissal pursuant to the prior suit pending doctrine, four elements must exist: "1) the lawsuits must involve identical subject matter; 2) the lawsuits must be between the same parties; 3) the former lawsuit must be pending in a court having subject matter jurisdiction over the dispute; and 4) the former lawsuit must be pending in a court having personal jurisdiction over the parties." *West*, 256 S.W.3d at 623 (citing *Cockburn v. Howard Johnson, Inc.*, 385 S.W.2d 101 (Tenn. 1964); Joseph Carrigan Higgins, et al. *Tennessee Procedure in Law Cases: A Treatise Setting Forth the Principles, Pleadings, Practice, and Procedure in Lawsuits* § 518(6) (1937)) (footnote omitted).[5]

On appeal, the parties do not dispute the applicability of three out of the four elements of the doctrine of prior suit pending to the instant lawsuit. The parties do not dispute that the *Khan I* was pending when Ms. Khan filed the subsequent suit and that the Knox County Chancery Court had subject matter jurisdiction to consider the issues raised in *Khan I*. The parties do not dispute that both *Khan I* and *Khan II* involve the same parties.[6] The parties also do not dispute that the trial court had personal jurisdiction over the parties in *Khan I.* Accordingly, the only remaining inquiry for this Court, and indeed the only element addressed by Ms. Khan in her brief, is whether *Khan I* and *Khan II* involve "identical subject matter."

Ms. Khan argues that the two lawsuits do not involve identical subject matter. She asserts that arbitrator's declination to consider the issue concerning the removal of the lien from her property equated to a procedural dismissal, and thus, she is not precluded from pursuing the relief again in a subsequent lawsuit. For this premise, Ms. Khan aptly notes that this Court in *Tallent v. Sherrell* set forth the test for determining whether two lawsuits involve identical subject matter. *Tallent v. Sherrell*, 184 S.W.2d 561, 563 (Tenn. Ct. App. 1944). The *Tallent* Court opined that: "[t]he test of the question of subject matter is whether the judgment in the first suit could be pleaded to the second suit in bar as former adjudication." *Id.* Ms. Khan also notes that this Court has recognized that "a

---

[5] In addition to the four factors stated, the Tennessee Supreme Court has recognized at least one additional requirement that the prior lawsuit must continue to be "pending" in order for the subsequent lawsuit to be dismissed based on this doctrine. *Walker v. Vandiver*, 181 S.W. 310, 311 (Tenn. 1915). That is, the prior lawsuit must not have been dismissed or discontinued. *Id.* In the instant case, the parties do not dispute that *Khan I* was pending at the time Ms. Khan filed *Khan II*.

[6] The Tennessee Supreme Court has opined that the prior suit pending doctrine may also be applicable when a party in a subsequent lawsuit is in privity with the party from the former suit. *Fultz v. Fultz*, 175 S.W.2d 315, 316 (Tenn. 1943); *see also First Am. Nat. Bank v. Chicken Sys. of Am., Inc.*, 510 S.W.2d 906, 908 (Tenn. 1974) (holding that there is privity of contract between an assignor and assignee). Ms. Khan does not raise any issue with regard to this element.

court must consider whether a judgment in the first suit would bar litigation of an issue in the second suit under *res judicata* principles." *Fid. & Guar. Life Ins. Co. v. Corley*, No. W2002-02633-COA-R9-CV, 2003 WL 23099685, at *4 (Tenn. Ct. App. Dec. 31, 2003). Relying on these principles, Ms. Khan asserts in her brief that the "arbitrator ruled he had no power, i.e. jurisdiction, to decide th[e lien] issue." She asserts that because that issue had been "specifically eliminated from the subject matter of" *Khan I*, she is not precluded from raising the issue in *Khan II*. While Ms. Khan is correct in her recitation of the applicable law on this question, we respectfully disagree with her ultimate conclusion that the two lawsuits involve different subject matter.

We first address Ms. Khan's contention that the lien issue was "specifically eliminated" from the subject matter of *Khan I*. To this end, it is important to note that the Arbitrator's refusal to rule on the issue of whether the lien could be removed from Ms. Khan's property was premised on Mr. Khan not being a party to the arbitration. Specifically, the Arbitrator's decision provides: "[Mr. Khan] is not a party to this arbitration and any issue regarding his indebtedness to Regions Bank and the existence of any security therefore, is beyond the scope of the authority of this arbitration." Despite Ms. Khan's best effort to characterize this as a jurisdictional issue with respect to the power of the arbitrator, the fact is that Ms. Khan's own opposition to adding Mr. Khan as a party resulted in the Arbitrator's refusal to adjudicate the issue concerning the lien (which secured Mr. Khan's indebtedness) from her property. Accordingly, the scope of *Khan I* was limited by Ms. Khan's own decision to oppose the addition of Mr. Khan as a party. In this regard, Ms. Khan is the author of her own misfortune.

Furthermore, after a review of the pleadings in both suits, we must conclude that the actions involve identical subject matter, and we agree with the trial court that *Khan II* is barred as a result of the pendency of *Khan I*. This Court has recognized that the doctrine of prior suit pending "applies not only to issues actually raised in the first suit, but also to issues that could have been raised regarding the same subject matter." *Corley*, 2003 WL 23099685, at *4. As noted, there is no dispute that the Bank attempted to join Mr. Khan as a party, and there is no dispute that Ms. Khan opposed this attempt. Indeed, in both suits, the trial court had jurisdiction over the parties and subject matter, which were the same in both suits, and Ms. Khan sought the identical objectives in both lawsuits: the removal of the lien securing her former husband's debt from her property. Ms. Khan cannot claim that she is now entitled to bring a subsequent lawsuit where she bypassed her opportunity to litigate the lien issue in *Khan I* by opposing the joining of her former husband to the lawsuit. As noted by the Tennessee Rules of Appellate Procedure, this Court is not entitled to grant relief where "a party [is] responsible for an error or [] failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." Tenn. R. App. P. 36(a).

In addition to the foregoing, we note that Ms. Khan's slightly varying claims asserted in the two complaints do little to persuade this Court that the cases do not

involve the identical subject matter. Indeed, the element of subject matter for purposes of the prior suit pending doctrine "is not limited to the claims asserted by plaintiff in his complaint, but encompasses the subject matter of the lawsuit." *Erie Ins. Exch. v. Rose*, No. M2011-02495-COA-R3-CV, 2012 WL 3027224 (Tenn. Ct. App. July 24, 2012). Clearly, in this case, the legitimacy of the lien on Ms. Khan's property securing Mr. Khan's debt was an issue that could have been litigated in *Khan I* had it not been for Ms. Khan's opposition to adding her former husband as a party. Thus, it is clear from the pleadings that *Khan I* and *Khan II* both arise out of the same facts and occurrence. *See Penn-Am. Co. v. Crittenden*, 984 S.W.2d 231, 232–33 (Tenn. Ct. App. 1998). "[H]aving all claims against **all parties** litigated in one action" serves the interest of judicial economy. *Id.* at 233. Although Ms. Khan attempts to note the differences between the cases, the fact remains that, while they may have proceeded differently, they both arise out of the same facts and occurrence. Indeed, in her reply brief, Ms. Khan states: "In 'Khan I,' [Ms. Khan's] complaint sought the same relief, based substantially upon the same set of facts." Both cases involve the same loan documents, the same property, the same alleged transgression (i.e. Bank's alleged failure to close the Khan's line of credit), and the same action creating the lien (i.e. Mr. Khan's drawing on the line of credit). Thus, based on the foregoing, the trial court did not err when it dismissed *Khan II* based on the doctrine of prior suit pending.

Because the applicability of the prior suit pending doctrine is dispositive in this matter, all other issues are pretermitted.

### CONCLUSION

The judgment of the Chancery Court of Knox County is affirmed, and this cause is remanded to the trial court for all further proceedings as may be necessary and are consistent with this Opinion. Costs of this appeal are taxed to Appellant, Rafia N. Khan, and her surety.

_____
J. STEVEN STAFFORD, JUDGE